STONEWALL INSURANCE
COMPANY, Respondent,

v.

**Todd HORAK, Appellant.**

No. 82–89.

Supreme Court of Minnesota.

Oct. 29, 1982.

Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan and Steven D. Jamar, Minneapolis, for appellant.

Foster, Waldeck, Lind & Humphrey and Peter E. Lind, Minneapolis, for respondent.

SIMONETT, Justice.

Under our long arm statute may service of process be made on a nonresident individual in military service residing in West Germany by certified mail? The trial court ruled yes. We agree, finding also that mailed service under these circumstances does not violate constitutional due process, and we affirm.

Plaintiff-appellant Stonewall Insurance Company settled a dramshop action against its insured, a municipal liquor store, and then commenced this action for contribution against defendant Todd Horak. Horak, a minor at the time of the accident, had illegally purchased liquor from the store and then furnished it to another minor who drove a car and was injured.

Stonewall first sent the summons and complaint to the county sheriff for service on Horak at his parents' residence in Owatonna. The sheriff returned the papers with the notation that Horak was in the Air Force, stationed in West Germany. Stonewall then sent a copy of the summons and complaint to Horak by certified mail, addressed to his army post office (APO) box number in New York. Horak received the pleadings and personally signed the green return receipt card attached to the mailing envelope. Horak then forwarded the pleadings to his insurer. The insurer retained counsel who interposed an answer alleging lack of personal jurisdiction over defendant by reason of insufficient service of process.

Thereafter, defendant moved to dismiss the action for insufficiency of process. The trial court denied the motion, but by reason of the Soldiers' and Sailors' Relief Act of 1940, 50 U.S.C.App. § 521 (1976), stayed further proceedings until Horak should take his next military leave in the United States.

Defendant Horak appeals. *See Kokesh v. City of Hopkins,* 307 Minn. 159, 161 n. 3, 238 N.W.2d 882, 884 n. 3 (1976) (an order denying a motion to dismiss for lack of jurisdiction is appealable).

Since defendant Horak did an act in Minnesota causing injury or property damage in Minnesota, our long arm statute, Minn. Stat. § 543.19 (1980), comes into play[1] and provides that a Minnesota court may exercise personal jurisdiction over the nonresident defendant Horak "in the same manner as if * * * he were a resident of this state."

We turn then to Minn.R.Civ.P. 4.03(a), which prescribes the "manner" of personal service of a summons in Minnesota, which is as follows:

Upon an individual by delivering a copy to him personally or by leaving a copy at his usual place of abode with some person of suitable age and discretion then residing therein.

■ Ordinarily, personal service is accomplished by the handing of a copy of the summons and complaint by a sheriff or process server personally to the defendant. The issue in this case is whether service of the summons and complaint on a nonresident defendant by certified mail addressed to his New York APO also constitutes personal service.

Rule 4.03(a) does require, for personal service, that the individual personally receive a copy of the summons but it is silent as to how delivery of the summons is to be made. In *State v. Pierce,* 257 Minn. 114, 100 N.W.2d 137 (1959), decided prior to the enactment of our rules of civil procedure, a party appealing a justice of the peace conviction to district court under a statute calling for "serving a notice upon the county attorney" served the notice by mail. This court assumed the appeal statute required personal service and then stated, "[W]e have long held that, where service is made by mail and actually reaches the party to be served within the required time, it is equivalent to personal service." 257

1. Minn.Stat. § 170.55 (1980) applies only to a nonresident motorist so was not available to plaintiff. It might be noted, incidentally, that section 170.55 uses a form of mailed notice in conjunction with serving or filing a copy of the process with the commissioner of public safety.

Minn. at 115–16, 100 N.W.2d at 138. It seems to us that the policies behind our Rule 4.03 also lead to the conclusion that actual, timely notice should be equivalent to personal service in the situation we have here. *Cf. Minnesota Mining & Manufacturing Co. v. Kirkevold,* 87 F.R.D. 317, 324 (D.Minn.1980) (purpose of Minnesota rules governing service of process is to make likely that actual notice be brought to the intended recipient). *Compare Goldsworthy v. State Department of Public Safety,* 268 N.W.2d 46, 49 (Minn.1978) (use of registered or certified mail fills the function of insuring receipt by a person of suitable age and discretion at the person's last known address).

Here defendant Horak did personally receive the certified mail containing the suit papers. Under Rule 4.06 proof of service can be "by the written admission of the party served," and the defendant's signature on the return receipt card constitutes such an admission. No prejudice to defendant has been shown and counsel suggest none. Further, no feasible alternative means of making personal service has been suggested.

We hold, therefore, that when Minn.R. Civ.P. 4.03(a) is used to make personal service on a nonresident defendant under Minn.Stat. § 543.19 (1980), as in this instance, the service may be made by certified mail. We might add that prudence would seem to dictate that restricted certified mail, which includes an endorsement on the envelope to "deliver to addressee only," be used.

■ Nor do we find merit in appellant's contention that due process compels invalidating service here. "Due process requires only that notice be reasonably calculated to reach interested parties." *Goldsworthy v. State Department of Public Safety, supra* at 48, *citing Mullane v. Central Hanover Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), and *Berkman v. Weckerling,* 247 Minn. 277, 77 N.W.2d 291 (1956). Appellant's actual notice of this action, coupled with the trial court's stay of all pro-

ceedings, disposes of any claim of lack of due process of law.

Affirmed.

COYNE, J., took no part in the consideration or decision of this case.