**Dorman YOUNG d/b/a Tiffany's, Appellant,**

**Joseph C. Noga,**

**v.**

**MT. HAWLEY INSURANCE COMPANY, St. Katherine Insurance Company PLC, Appellees.**

**No. 88–2469.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 26, 1988.

Decided Dec. 27, 1988.

Rehearing Denied Feb. 2, 1989.

D. Scott Hickam, Hot Springs, Ark., for appellant.

James W. Tilley, Little Rock, Ark., for appellees.

Before McMILLIAN and BOWMAN, Circuit Judges, and HENLEY, Senior Circuit Judge.

PER CURIAM.

Dorman Young appeals from a district court[1] judgment entered pursuant to a jury verdict. Whether there is a final appealable order is the preliminary question before this court.

In May 1986, a building housing Young's business, Tiffany's, was totally destroyed by fire. The building and the personal property therein were covered under two insurance policies, one issued by Mt. Hawley Insurance Company and one by St. Katherine Insurance Company. Each policy names two insureds, Dorman Young and Joseph Noga. Four days after the fire, Noga notified the insurance companies that

---

1. The Honorable Oren Harris, United States Senior District Court Judge for the Western District of Arkansas.

he wished to be removed as a named insured on the two policies.

In October 1986, Young, d/b/a Tiffany's, filed a diversity action against the two insurance companies to recover for the damage caused by the fire. The defendants moved to join Noga as a party; their motion was granted. The district court ordered that a copy of the pleading be served upon Noga. Defendants' counsel filed an affidavit averring that a summons, copy of the complaint, copy of the joinder order, and acknowledgment form had been sent by certified mail to Noga, an Illinois resident, and that the return receipt indicated receipt on behalf of Noga.

Defendants did not file an acknowledgment by Noga of receipt of the summons, complaint, and order. No responsive pleading for Noga was filed.

In July 1988, the defendants moved to file a cross-claim against Noga alleging that Noga was a named insured at the time of the fire, that he was a partner in Tiffany's, and that no sums were owed to either Young or Noga because of their fraud, willful concealment, and misrepresentation of material facts. The motion was granted. Thereafter, Noga was listed in the defendants' pleadings as a defendant.

In August 1988, Young filed a motion to dismiss third party complaint and cross-claims alleging that service on Noga had not been obtained in the eighteen months since Noga had been ordered to be joined as a party.

A four day jury trial began August 15. Noga is not listed in the courtroom minutes as being present—either as a party or a witness. Defendants moved for a default judgment against Noga; Young moved to dismiss him. The district court 1) ordered the pleadings amended to reflect a realignment of Noga as a plaintiff based upon its review of the file and of its earlier order, 2) denied Young's motion to dismiss, and 3) disallowed as untimely the defendants' cross-claim. On August 18, the jury returned a verdict for Young in the amount

of $102,000.00 and judgment was entered accordingly.

Although the jury answered in the negative four successive interrogatories about Young's and Noga's representations to the defendants, no verdict was returned for or against Noga, nor is he named in the judgment.

The unusual procedural posture of this appeal presents a question as to whether Noga was ever properly served[2] and, if unserved, whether he is a "party" within the meaning of Fed.R.Civ.P. 54(b).

Although Fed.R.Civ.P. Rule 4(g) provides that failure to make proof of service does not affect the validity of the service, Rule 4(c)(2)(C)(ii) prescribes an alternate method of service if no acknowledgment of mail service under the rule is received by the sender within twenty (20) days after the date of mailing.

A number of circuits have held that the provisions of Rule 4(c)(2)(C)(ii) are to be strictly complied with and, that, therefore, if the acknowledgment form is not returned, the formal requirements of mail service are not met and personal service must be obtained. *See Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir.1984); *Green v. Humphrey Elevator and Truck Co.*, 816 F.2d 877, 879–880 (3rd Cir.1987); *Norlock v. City of Garland*, 768 F.2d 654, 657 (5th Cir.1985); *Worrell v. B.F. Goodrich Company*, 845 F.2d 840, 841 (9th Cir.1988) ("[Rule 4(c)(2)(C)(ii) ] plainly states that service fails unless defendant returns the signed acknowledgment form ... [and] every court that has examined the rule has reached that same interpretation."). *See also Combs v. Nick Garin Trucking*, 825 F.2d 437, 447–448 (D.C.Cir.1987) (if plaintiff elects to utilize federal mail service rule and defendant does not return acknowledgment within designated period, the mailing cannot stand as effective service of process simply by treating it as made in accordance with a state-law method that otherwise

---

**2.** The question of whether service of summons and complaint in a diversity action upon a nonresident may or shall be made in accordance with the state method need not be answered. Ark.Code Ann. § 16–58–120 provides for service by mail upon a nonresident.

might have been available). *But cf. Morse v. Elmira Country Club,* 752 F.2d 35, 39–40 (2d Cir.1984) (interpreting Rule 4(c) to require second, personal service upon defendant refusing to return acknowledgment form but not to void a received-but-acknowledged mail service).

We agree with the majority position. Service upon Noga was not effective and Noga's status was that of an unserved "party." We believe that it was not, therefore, necessary for the district court to have disposed of Noga to make the judgment entered for Young final and appealable. *See Nagle v. Lee,* 807 F.2d 435, 438 (5th Cir.1987); *Insinga v. LaBella,* 817 F.2d 1469, 1470 (11th Cir.1987) (citing Tenth, Ninth, Second, and Third Circuit cases holding that where only unserved defendants remain in action, judgment is a final appealable order).

Accordingly, Young's appeal may go forward.