**BLAESER AND JOHNSON, P.A., Respondent,**

v.

**Kent KJELLBERG, individually and d/b/a and s/f Winchester Inns, et al., Appellant.**

**No. C3-91-2370.**

Court of Appeals of Minnesota.

April 7, 1992.

Review Denied June 10, 1992.

Joseph A. Wentzell, Johnson & Wentzell, Ltd., Minneapolis, for respondent.

David S. Holman, Morris, Fuller & Seaver, P.A., Minneapolis, for appellant.

Considered and decided by DAVIES, P.J., and KLAPHAKE and STONE *, JJ.

## OPINION

BRUCE C. STONE, Judge.

Kent Kjellberg, individually and as a surety for Winchester Inns, Fort Collins Motel, Inc., and Kjellberg, Inc., appeals from an order denying his motion to vacate a default judgment entered against him and in favor of respondent Blaeser and Johnson, P.A. We affirm.

## FACTS

Appellant retained respondent law firm to represent him and his corporations in a variety of legal matters. From August 1987 through 1989, respondent provided legal services which included obtaining appellant's release from a one million dollar personal guaranty and representing appellant in a Chapter 11 proceeding and a breach of contract action. Fees for these services totalled over $27,000, and appellant has not challenged the reasonableness of this amount. After several requests for payment, respondent decided to sue.

---

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

On May 25, 1990, respondent mailed to appellant copies of a summons and complaint by both certified and regular mail. The copy sent by regular mail was accompanied by a form for acknowledgement of service, which was never returned to respondent. The copy sent by certified mail was picked up by appellant on May 26, 1990, as evidenced by his signature on the return receipt card. Respondent also forwarded copies of the summons and complaint by regular and certified mail to appellant's attorney.

On June 6, 1990, appellant sent a letter to respondent acknowledging the debt, and stating "[i]f you wish me to file an answer to your lawsuit, please advise." In an exchange of letters, respondent thereafter allowed appellant several extensions of time to file an answer. Respondent eventually informed appellant, through his attorney, that if an answer was not received by August 10, 1990, it would obtain a default judgment. An answer was never filed, and respondent obtained a default judgment on August 31, 1990.

Over eight months later, in May 1991, appellant moved to vacate the default judgment on the ground that service of process by certified mail on a Minnesota resident was not valid service under the Minnesota Rules of Civil Procedure. By order dated October 31, 1991, the district court denied appellant's motion to vacate. This appeal followed.

## ISSUE

Was the service of process in this case effective?

## ANALYSIS

■ A judgment entered without due service of process must be vacated under Minn.R.Civ.P. 60.02. *Lange v. Johnson*, 295 Minn. 320, 323–24, 204 N.W.2d 205, 208 (1973).

### 1. *Service by Mail*

■ Minn.R.Civ.P. 4.05 is entitled "Service by Mail," and provides in pertinent part:

In any action service may be made by mailing a copy of the summons and of the complaint (by first class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgement conforming substantially to Form 22 and a return envelope, postage prepaid, addressed to the sender. If acknowledgement of service under this rule is not received by the sender within the time defendant is required by these rules to serve an answer, service shall be ineffectual.

Under the language of this rule, without more, the attempted service in this case was "ineffectual." While respondent mailed the summons and complaint by first class and by certified mail, it never received the acknowledgment of service.

The purpose of rule 4.05 is made clear in this subsequent language:

Unless good cause is shown for not doing so, the court shall order the payment of the costs of personal service by the person served if such person does not complete and return the notice and acknowledgement of receipt of summons within the time allowed by these rules.

*Id.* Thus, formalistic service with its attendant expense can be waived if the defendant consents.

### 2. *Stonewall Ins. Co. v. Horak*

While respondent's attempted service in this case failed to meet the literal requirements of rule 4.05, the issue becomes whether service was nevertheless valid under *Stonewall Ins. Co. v. Horak*, 325 N.W.2d 134 (Minn.1982). Rule 4.05 was adopted in 1985, and advisory committee notes from that year state in pertinent part:

The Committee considered various alternatives permitting service by mail, including two amendments to the Federal Rules of Civil Procedure which were adopted in 1983. * * * Under the present federal rule, service may be effected by mail. The Minnesota Supreme Court has also recognized the effectiveness of service by mail under the Minnesota Long–Arm Statute * * *. The Minnesota Supreme Court in *Stonewall*

*Insurance Co. v. Horak,* 325 N.W.2d 134 (Minn.1982), recognized that actual receipt of the summons and complaint by mail, evidenced by a certified mail receipt signed by the individual defendant, constituted delivery under Minn.R.Civ.P. 4.03(a) and the statute. This rule does not modify the holding in *Stonewall.*

The change in Minn.R.Civ.P. 4.05 permitting service by mail adopts the essential provisions of Fed.R.Civ.P. 4. * * * If an acknowledgement is not signed and returned, the plaintiff may then serve the summons and complaint by any other means authorized by the rules or by statute.

Minn.R.Civ.P. 4.05 advisory committee's note—1985.

In *Stonewall,* the plaintiff insurer attempted to commence an action against the defendant, a serviceman stationed in West Germany, by sending a copy of the summons and complaint by certified mail to the defendant's army post office box. *Stonewall,* 325 N.W.2d at 135. The defendant received the pleadings and personally signed the green return receipt card attached to the mailing envelope. *Id.* His subsequent motion to dismiss the action for insufficiency of process was denied by the trial court.

On appeal, the supreme court affirmed and held "when Minn.R.Civ.P. 4.03(a) is used to make personal service on a nonresident defendant under Minn.Stat. § 543.19 (1980), * * * the service may be made by certified mail." *Stonewall,* 325 N.W.2d at 136. In so holding, the court emphasized:

Here defendant Horak did personally receive the certified mail containing the suit papers. Under Rule 4.06 proof of service can be "by the written admission of the party served," and the defendant's signature on the return receipt card constitutes such an admission. No prejudice to defendant has been shown and counsel suggest none. Further, no feasible alternative means of making personal service has been suggested.

*Id.*

At least one federal case interpreting Minnesota law has read *Stonewall* as allowing service on a resident defendant under rule 4.05 by certified mail. *See Manypenny v. United States,* 125 F.R.D. 497 (D.Minn.1989), *aff'd,* 948 F.2d 1057 (8th Cir. 1991); *cf. Gulley v. Mayo Found.,* 886 F.2d 161, 165 (8th Cir.1989) (reading *Stonewall* as not applying where service attempted on resident defendant corporation by nonresident plaintiff, and where certified mail receipt card was signed by clerk and not by defendant's legal counsel). *Stonewall,* however, did not deal with service by mail but with personal service under rule 4.03(a) and the long-arm statute, Minn.Stat. § 543.19 (1980). The advisory committee notes to rule 4.05 specifically state that the rule does not modify the holding in *Stonewall.* Thus, *Stonewall* does not apply *per se* to cases involving service by mail under rule 4.05.

Nonetheless, *Stonewall* notes that the long-arm statute permits the exercise of jurisdiction over a nonresident defendant "in the same manner as if * * * he were a resident of this state." *Stonewall,* 325 N.W.2d at 135 (quoting Minn.Stat. § 543.-19, subd. 1). The long-arm statute further provides that service of process "may be made by personally serving the summons upon the defendant outside this state *with the same effect as though the summons had been personally served within this state.*" Minn.Stat. § 543.19, subd. 2 (emphasis added). It is thus reasonable to assume that if effective service can be made outside the state under the facts of *Stonewall,* then similar facts would render effective service within the state. In any event, we believe the concerns addressed in *Stonewall* are relevant to our analysis here.

### 3. *Personal Service*

■ Personal service is allowed under Minn.R.Civ.P. 4.03(a), which has remained relatively unchanged since *Stonewall* was decided in 1980. The rule provides for service of a summons within the state "by delivering a copy to [the defendant] personally or by leaving a copy at his usual place of abode with some person of suitable age and discretion then residing therein."

Minn.R.Civ.P. 4.03(a). Personal service requires only that the plaintiff attempt to serve the summons and complaint on the defendant and that the defendant be made aware that the documents are being served. 1 David F. Herr & Roger S. Haydock, *Minnesota Practice* § 4.9, at 56 (1985).

 We believe that, at least under the facts of this case, these requirements have been satisfied. As in *Stonewall*, 325 N.W.2d at 136, appellant's personal signature on the return receipt card may be considered written admission sufficient to satisfy rule 4.06 and constitute proof of service. Further, appellant has not asserted he has been prejudiced. Indeed, the exchange of letters between the parties after the attempted service largely precludes any claim of prejudice because those letters show appellant knew of the lawsuit and of the consequences of his failure to answer.[1]

Admittedly, unlike the situation in *Stonewall*, feasible, alternative means of making personal service existed in this case. Ideally, respondent should have attempted another means of service following appellant's failure to return the rule 4.05 acknowledgement of service. Appellant's actions, however, clearly led respondent to believe that the effectiveness of service would not be challenged.

4. *Waiver*

Waiver is the voluntary relinquishment of a known right, and both intent and knowledge are essential elements. *Engstrom v. Farmers & Bankers Life Ins. Co.*, 230 Minn. 308, 311–12, 41 N.W.2d 422, 424 (1950). We believe the elements of waiver have been shown in this case, primarily as evidenced by the following: (1) appellant personally acknowledged receipt of the summons and complaint; (2) appellant admitted owing at least a portion of the debt; (3) appellant indicated he knew of

the need to file an answer; (4) appellant's attorney requested and was granted several extensions of time within which to file an answer; and (5) through his attorney, appellant was informed that if an answer was not received by August 10, 1990, a default judgment would be sought. In addition, the record shows that although respondent has attempted to collect on the August 31, 1990 default judgment, appellant waited until May 1991 to seek vacation of that judgment. Under these facts, we believe appellant has waived the right to claim that service of the summons and complaint was ineffective or that another means of service should have been attempted.

DECISION

The order denying appellant's motion to vacate the default judgment is affirmed.

Affirmed.

---

1. It should be noted that appellant claims considerations of prejudice are irrelevant here and that he has reserved the right to move to vacate the judgment on the other grounds enumerated in Minn.R.Civ.P. 60.02(a). A motion to vacate a judgment on the grounds of mistake, inadvertence, surprise, or excusable neglect, however, must be made within one year after entry of the judgment. Minn.R.Civ.P. 60.02.