**Corey L. COONS, d/b/a Co Jo's Pizza, Respondent,**

v.

**ST. PAUL COMPANIES, Appellant.**

**No. C9–91–2387.**

Court of Appeals of Minnesota.

May 26, 1992.

Review Denied July 16, 1992.

John W. Wood, Jr., Johnson & Wood, Wayzata, for respondent.

Jon A. Hanson, Kevin J. Kennedy, Julianne M. Fiedler, Hanson Lulic & Krall, South Minneapolis, for appellant.

Considered and decided by SHORT, P.J., HUSPENI, and RANDALL, JJ.

## OPINION

HUSPENI, Judge.

Appellant alleges the trial court erred when it found that respondent had perfected service of process within the statute of limitations and denied summary judgment. The trial court certified the question of proper service to this court. We answer the certified question in the negative.

## FACTS

Respondent Corey Coons owned Co Jo's Pizza restaurant. On February 5, 1989, a fire occurred in the restaurant and caused substantial damage. Respondent had two years within which to bring a cause of action against its insurer, appellant St. Paul Fire and Marine Insurance Co. *See* Minn.Stat. § 65A.01, subd. 3 (1990).

Appellant conducted an investigation of the fire after respondent filed its insurance claim. In a letter dated November 27, 1989, appellant denied coverage of respondent's claim, stating:

> Please be advised that we have completed our investigation * * *. Be further advised that all claims * * * are respect-

fully denied. The basis for said denial is as follows * * * [:]

First, at the time of said loss, the risk of loss was increased within the control or knowledge of the insured.

Second, the insurance policy has been voided as a result of material misrepresentations made by the insured.

Third, overstatement of the claim.

On January 23, 1991, respondent attempted to serve appellant by mail with the summons and complaint to commence this lawsuit. Appellant admits that it received the papers on January 25, 1991, but never returned the acknowledgment of service form as required by Minn.R.Civ.P. 4.05. On March 7, 1991, respondent served appellant by mail a second time. Again, appellant admits it received the papers but refused to return the acknowledgment of service form. On March 29, 1991, respondent served appellant personally.

During the time between respondent's first attempted service by mail and its successful personal service, the statute of limitations on respondent's cause of action expired.

Appellant sent a stipulation for dismissal along with its answer to the complaint. When respondent refused to stipulate, appellant moved for summary judgment on the basis of the expired statute of limitations. The trial court denied the motion on the ground that when appellant actually received the initial mail service it had sufficient notice of the lawsuit.

Upon appellant's motion to reconsider or certify the question, the trial court found its analysis proper, denied the motion to reconsider and certified the following question to the Court of Appeals.

## ISSUE

Does proof of actual receipt of the summons and complaint and notice of the lawsuit constitute effective service when attempted pursuant to Minn.R.Civ.P. 4.05, but no acknowledgment of service form has been returned?

## ANALYSIS

■ When a trial court certifies a question to this court, we must make an independent determination if the question is indeed "important and doubtful." *National City Bank v. Lundgren*, 435 N.W.2d 588, 590 (Minn.App.1989), *pet. for rev. denied* (Minn. Mar. 29, 1989). The importance of a question "increases with the probability that resolution of the question will have statewide impact and the probability of reversal." *Emme v. C.O.M.B., Inc.*, 418 N.W.2d 176, 180 (Minn.1988). "A question is 'doubtful' only if there is no controlling precedent." *Id.* at 179. In addition, "the question should be one on which there is substantial ground for a difference of opinion." *Id.* at 180.

■ While several cases address issues similar to the issue on appeal, no state or federal case law in Minnesota has addressed the specific issue whether actual notice by standard mail delivery eliminates the need for an acknowledgment of service in order to perfect service.[1] This case raises a serious issue regarding the extent to which a defendant may control a plaintiff's effective service of process. The resolution of this issue will have statewide impact since every case begins with some form of service of process. We conclude that the certified question is important and doubtful.

Appellant argues that service was ineffective under Minn.R.Civ.P. 4.05 because the acknowledgment of service form was never returned to respondent. We agree.

---

**1.** In a recently released opinion, this court held that when a defendant receives a summons and complaint by certified mail, personally signs the return receipt and communicates his notice of the lawsuit to plaintiff, the defendant waives the right to challenge the sufficiency of service at a later time. *Blaeser & Johnson, P.A. v. Kjellberg*, 483 N.W.2d 98, 99 (Minn.App.1992). That case is factually distinguishable from the case on appeal here. *Blaeser* involved personal service by certified mail and a defendant who proceeded in the lawsuit and thereby waived the right to challenge service. *Id.* Here, the case involves attempted service by mail upon an uncooperative defendant.

Minn.R.Civ.P. 4.05 allows a plaintiff to obtain personal jurisdiction over a defendant through service by mail so long as the defendant returns the acknowledgment of service form. The rule provides:

In any action service may be made by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgement conforming substantially to Form 22 and a return envelope, postage prepaid, addressed to the sender. *If acknowledgement of service under this rule is not received by the sender within the time defendant is required by these rules to serve an answer, service shall be ineffectual.*

Unless good cause is shown for not doing so, the court shall order the payment of the costs of personal service by the person served if such person does not complete and return the notice and acknowledgement of receipt of summons within the time allowed by these rules.

*Id.* (emphasis added). The advisory committee note that accompanies the rule provides in pertinent part:

[Minn.R.Civ.P. 4.05] makes service effective if the defendant acknowledges receipt of the summons and complaint. * * * If an acknowledgment is not signed and returned, the plaintiff may then serve the summons and complaint by any other means authorized by the rules or by statute. * * *

The rule retains the provision of its federal counterpart shifting the cost of personal service to a defendant who declines to acknowledge receipt of the summons and complaint by mail. The Committee believes this provision is an essential part of the system for service by mail, and is necessary to discourage defendants from unjustifiedly refusing to acknowledge receipt.

Minn.R.Civ.P. 4.05 advisory committee note (1985) (citation omitted). By the plain language of this rule and advisory note, service upon appellant was ineffectual because appellant never returned the acknowledgment of service forms as required for effective service under the rule.

Respondent urges this court to adopt a broad interpretation of rule 4.05 that would find service effective here, despite appellant's noncompliance with the rule. Although the certified question is an issue of first impression in Minnesota, we may look to federal case law for guidance in determining the appropriate breadth of interpretation of rule 4.05. *See Thiele v. Stich,* 425 N.W.2d 580, 584 (Minn.1988). A majority of federal circuit courts have adopted a narrow reading of Fed.R.Civ.P. 4(c)(2)(C)(ii), the federal counterpart to Minn.R.Civ.P. 4.05:

[P]rovisions of [Fed.R.Civ.P.] 4(c)(2)(C)(ii) are to be strictly complied with and * * *, therefore, if the acknowledgment form is not returned, the formal requirements of mail service are not met and personal service must be obtained.

*Young v. Mt. Hawley Ins. Co.,* 864 F.2d 81, 82 (8th Cir.1988) (per curiam) (citing list of federal circuit courts that comprise the majority). When the Eighth Circuit adopted this rule in *Young,* it found service by mail ineffective when a party received service papers by certified mail and signed the return receipt, but failed to return the acknowledgment of service form as required by the rule. *Id.* at 83.

The Eighth Circuit reaffirmed its position in *Gulley v. Mayo Found.,* 886 F.2d 161, 165–66 (8th Cir.1989) when it held service by certified mail was ineffective for two reasons: first, because someone other than defendant signed the green return receipt; and second, because the defendant never returned the acknowledgment of service form. As a result, the statute of limitations ran on plaintiff's cause of action. *Id.* at 166. The court required formal acknowledgment in compliance with the rule in order to perfect service, particularly because alternative means of service had been available to plaintiff. *Id.* at 165.

The interpretation by the federal courts coincides with the plain language of Minn.R.Civ.P. 4.05: "If acknowledgment of service is not received * * *, service shall be ineffectual." This body of statutory and

case law leads us to the conclusion that without the return of appellant's acknowledgment form respondent did not perfect service upon appellant.

■ Respondent argues this result is unjust because appellant had actual notice of the lawsuit yet chose not to acknowledge service. We acknowledge that the result for respondent is harsh. We, too, are disturbed by appellant's candid admission that it received the first two summons and complaints but had made a "corporate decision" not to cooperate in the service of process. Yet we must agree that:

> [Rule 4.05] makes it clear that mailing a summons and complaint does not commence the action. * * * [C]ommencement of the action would not occur until the date defendant acknowledges receipt of the summons and complaint. *Because the defendant is accordingly given the power to let the statute of limitations run before acknowledging receipt, or even simply to not acknowledge receipt, service by mail should be avoided at any time near the end of the period of limitations.* In such a case, service should either be immediately effected or the summons should be delivered to the sheriff in the county of the defendant's residence for service.

1 David Herr & Roger S. Haydock, *Minnesota Practice* § 3.3 (1985) (emphasis added). It appears that the drafters of rule 4.05 and this commentary were cognizant of the ability of a defendant to frustrate a plaintiff's attempts to serve by mail, and for that reason set out this warning. Because effective service under rule 4.05 requires the cooperation of defendants, plaintiffs should secure the cooperation of defendants before attempting service, or else plaintiffs should choose another method of service.

■ Appellant further argues that, in the absence of the returned acknowledgment, proof of actual receipt and actual notice of the lawsuit is not sufficient to establish effective service under rule 4.05. We agree. In Minnesota, the concept of actual notice arises only in the context of substituted personal service, when the process server leaves papers at the defendant's residence with someone other than the defendant. *Thiele v. Stich,* 425 N.W.2d at 584. Minn.R.Civ.P. 4.03(a) allows for substituted service only at one's "usual place of abode"; there the defendant is presumed to have actual notice of the lawsuit because "there may be no place significantly more desirable for the papers to be left." *Thiele,* 425 N.W.2d at 584.

This case involves service by mail, however. In finding effective service here, the trial court reasoned:

> The Court in this matter finds that adequate service was made by [respondent] to give [appellant] notice and sufficient knowledge of this law suit. This is evident by [appellant's] own moving papers, which show [appellant] received the Summons and Complaint on January 25, 1991. Even though the acknowledgment was not signed and returned, there is no question that the documents needed to initiate this action were received by [appellant].
>
> After the decisions of *Manypenny v. United States,* 125 F.R.D 497 (D.Minn. 1989), *aff'd on other grounds* 948 F.2d 1057, 1067 (8th Cir.1991), and *Stonewall Ins. Co. v. Horak,* 325 N.W.2d 134 (Minn. 1982), which this Court reads to allow for broad interpretation of the service rules, this Court finds that proper service was made by [respondent].

The trial court and respondent urge us to treat personal service and mail service interchangeably. However, they are distinct methods of service with distinct requirements. For that reason, we find *Stonewall* inapplicable to the present case. *Stonewall* involved personal service of an out-of-state defendant pursuant to Minn.R.Civ.P. 4.03(a) and Minn.Stat. § 543.19 (1980). *Stonewall,* 325 N.W.2d at 136. In addition, when Minn.R.Civ.P. 4.05 was enacted, the commentary specifically stated, "This rule does not modify the holding in *Stonewall.*" Minn.R.Civ.P. 4.05 advisory committee note (1985). *Stonewall* considerations are thus distinct from those raised in cases involving service by mail. Further, the plaintiff in *Stonewall* had no alternative means to

serve the defendant, a serviceman stationed in Germany. *Stonewall*, 325 N.W.2d at 135. Here, respondent had alternate means and did eventually serve appellant personally.

Nor are we persuaded by the court's reliance upon *Manypenny*, where the court, relying on *Stonewall*, applied principles of personal service to find effective service by mail. *Manypenny*, 125 F.R.D. at 500. The *Manypenny* court followed the one federal circuit that adopted the minority liberal interpretation of the service of process rule. *Manypenny*, 125 F.R.D. at 500 (applying rule of *Lee v. Carlson*, 645 F.Supp. 1430, 1432 (S.D.N.Y.1986), *aff'd mem.*, 812 F.2d 712 (2nd Cir.1987) (following precedent set by *Morse v. Elmira Country Club*, 752 F.2d 35, 41 (2d Cir. 1984))). Further, the *Manypenny* court did not cite *Young*, an Eighth Circuit case which specifically addressed the issue of service of process by mail. To the extent that *Manypenny* adopted the minority federal interpretation of the service by mail rule and disregarded *Young*, its ruling is of doubtful continuing validity, especially in view of the Eighth Circuit's subsequent decision in *Gulley*, 886 F.2d at 165.

## DECISION

When respondent attempted mail service pursuant to Minn.R.Civ.P. 4.05 and appellant never returned the acknowledgment of service form, respondent had not perfected service despite the fact that appellant had actually received the papers and had notice of the lawsuit. Rule 4.05 requires strict compliance to procedure in order to perfect service.

Certified question answered in the negative.