David J. TUREK, Respondent,

v.

**A.S.P. OF MOORHEAD, INC., d/b/a A.S.P., Inc., Appellant.**

No. C8–00–1045.

Court of Appeals of Minnesota.

Nov. 7, 2000.

Andrea F. Rubenstein, Minneapolis, MN, (for respondent).

Stephen R. Dawson, Fargo, ND, (for appellant).

Considered and decided by LANSING, Presiding Judge, PETERSON, Judge, and FORSBERG, Judge.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

## OPINION

THOMAS G. FORSBERG, Judge *

Appellant A.S.P. of Moorhead, Inc., contends that the district court erred in denying its motion to vacate the default judgment because the district court lacked jurisdiction, since respondent David J. Turek failed to effectively serve appellant pursuant to Minn.R.Civ.P. 4.05. Because the rule unambiguously states service is effected when the acknowledgment is received within the period allowed by the rules, we reverse.

## FACTS

Respondent David J. Turek was terminated from his employment with appellant A.S.P. of Moorhead, Inc. (A.S.P.) in October 1994. In February 1996, Turek filed a lawsuit against A.S.P. alleging unlawful reprisal under the Minnesota Whistleblower Act, Minn.Stat. § 181.932 (1998). On or about February 12, 1996, Turek's attorney sent a letter to A.S.P. enclosing a summons and complaint, notice and acknowledgment of service pursuant to Minn. R.Civ.P. 4.05. The Form 22 notice requested A.S.P. to "complete the acknowledgment part of this form and return one copy of the completed form to the sender within 20 days." The notice further read that if A.S.P. did not return the acknowledgment within the time period, "you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a Summons and Complaint in any other manner permitted by law."

A.S.P. forwarded the information to its attorney, who sent a letter to Turek's attorney providing notice that he represented A.S.P. and would accept service, if Turek had not already served A.S.P. On May 17, 1996, 96 days after A.S.P. received the summons and complaint, A.S.P.'s attorney signed and returned the acknowledgment

Minn. Const. art. VI, § 10.

of receipt to Turek's attorney. Despite this action and for reasons that are not apparent in the record, this attorney sent a letter to A.S.P., at the conclusion of his representing A.S.P., indicating he had never returned the acknowledgment form.

The district court granted a judgment by default in favor of Turek in the amount of $50,952.76. A.S.P. filed a motion to vacate the default judgment, alleging lack of jurisdiction due to ineffective service of process pursuant to Minn.R.Civ.P. 4.05. The district court denied the motion, which A.S.P. appeals.

### ISSUE

Did respondent effectively serve the summons and complaint pursuant to Minn. R.Civ.P. 4.05 when appellant signed and returned the acknowledgment of receipt 96 days after appellant had received the summons and complaint and well after the period allowed by Minn.R.Civ.P. 4.05 to return the acknowledgment?

### ANALYSIS

A.S.P. argues that Turek never effectively completed service of process pursuant to Minn.R.Civ.P. 4.05, because A.S.P. did not sign and return the acknowledgment within the time allowed by the rule.

■ Determination of whether service of process was proper is a question of law reviewed de novo. *Amdahl v. Stonewall Ins. Co.*, 484 N.W.2d 811, 814 (Minn.App. 1992), *review denied* (Minn. July 16, 1992); *see, e.g., Patterson v. Wu Family Corp.*, 608 N.W.2d 863, 866 (Minn.2000) (reviewing de novo waiver of insufficient service of process defense). Rules concerning the commencement of an action should be construed to provide a single, uniform course of procedure applicable to all civil actions. *Leek v. American Express Property Cas.*, 591 N.W.2d 507, 508–09 (Minn.App.1999), *review denied* (Minn. July 7, 1999).

■ "A judgment entered without due service of process must be vacated under Minn.R.Civ.P. 60.02." *Blaeser &*

*Johnson, P.A. v. Kjellberg*, 483 N.W.2d 98, 100 (Minn.App.1992), *review denied* (Minn. June 10, 1992). " 'Service of process in a manner not authorized by the rule is ineffective service.' " *Lundgren v. Green*, 592 N.W.2d 888, 890 (Minn.App.1999) (quoting *Tullis v. Federated Mut. Ins. Co.*, 570 N.W.2d 309, 311 (Minn.1997)), *review denied* (Minn. July 28, 1999); *see* Minn. R.Civ.P. 3.01(a) (commencing a suit requires plaintiff to serve summons and complaint upon defendant). In Minnesota, a plaintiff may effectively serve a summons and complaint by two methods: personally under Minn.R.Civ.P. 4.03 or acknowledged by mail under Minn.R.Civ.P. 4.05. Service of process using acknowledgment by mail entails:

> In any action service may be made by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 22 and a return envelope, postage prepaid, addressed to the sender. *If acknowledgment of service under this rule is not received by the sender within the time defendant is required by these rules to serve an answer, service shall be ineffectual.*

Minn.R.Civ.P. 4.05 (emphasis added). According to the plain language of this rule, service is ineffectual if the sender does not receive the acknowledgment within 20 days. *See* Minn.R.Civ.P. 12 .01 (allowing 20 days after service of the summons to file an answer). The rule unambiguously establishes a dispositive period when service by mail is effected. The purpose of the rules is to make procedures readily ascertainable, settled and predictable. *State v. Curtis*, 393 N.W.2d 10, 12–13 (Minn.App.1986); *see Lundgren*, 592 N.W.2d at 890 ("Service of process 'must accord strictly with statutory requirements.' ") (quoting *Berryhill v. Sepp.*, 106 Minn. 458, 459, 119 N.W. 404, 404 (1909)).

■ The purpose of the rule permitting service by mail through acknowledgment

is to shift the cost of service to uncooperative defendants. *Blaeser,* 483 N.W.2d at 100. If an uncooperative defendant forces the plaintiff to effectuate service personally pursuant to Minn.R.Civ.P. 4.03, the defendant will bear the added cost of personal service:

> Unless good cause is shown for not doing so, the court shall order the payment of the costs of personal service by the person served if such person does not complete and return the notice and acknowledgment of receipt of summons within the time allowed by these rules.

Minn.R.Civ.P. 4.05; *see* Minn.R.Civ.P. 4.05 1985 advisory comm. note. The risk of using service by mail is that a defendant will not cooperate and a plaintiff may have to personally serve the defendant. This court has previously anticipated this problem:

> [T]he drafters of rule 4.05 * * * were cognizant of the ability of a defendant to frustrate a plaintiff's attempts to serve by mail, and for that reason set out [a] warning. Because effective service under rule 4.05 requires the cooperation of defendants, plaintiffs should secure the cooperation of defendants before attempting service, or else plaintiffs should choose another method of service.

*Coons v. St. Paul Cos.,* 486 N.W.2d 771, 775 (Minn.App.1992) (referring to 1 David Herr & Roger S. Haydock, *Minnesota Practice* § 3.3 (1985)), *review denied* (Minn. July 16, 1992); *see Dean v. KIS Corp.,* 121 F.R.D. 74, 76 (N.D.Ill.1988) ("The [plain language of the] rule requires personal or abode service when an acknowledgment is not returned within 20 days of mailing."). When A.S.P. did not return the acknowledgment within 20 days, Turek had alternative means to effectuate service. *See Coons,* 486 N.W.2d at 776 (emphasizing plaintiff had alternate means to serve defendant personally); *Gulley v.*

*Mayo Found.,* 886 F.2d 161, 165 (8th Cir. 1989) (emphasizing strict application of the rule when alternative means of service are available).

■ Whether A.S.P. had actual notice of the lawsuit and Turek substantially complied with the rules for service of process is irrelevant, because the actual notice exception applies only to cases involving substitute service at a defendant's usual place of abode. *Thiele v. Stich,* 425 N.W.2d 580, 584 (Minn.1988); *Coons,* 486 N.W.2d at 775. Since personal service was not made at the defendant's usual place of abode, the actual notice exception does not apply to this case.

■ By signing the acknowledgment form beyond the period prescribed by the rule, A.S.P. did not waive its right to challenge the court's jurisdiction. An improperly served defendant submits to a court's jurisdiction if it has taken an affirmative step to invoke the power of the court to determine the merits of all or part of a claim. *Patterson,* 608 N.W.2d at 869; *Larson v. New Richland Care Ctr.,* 520 N.W.2d 480, 482 (Minn.App.1994); *see Blaeser,* 483 N.W.2d at 102 (finding defendant led plaintiff to believe he would not challenge the effectiveness of service). A.S.P. made absolutely no appearance before the district court, which would constitute an affirmative step to invoke the power of the district court. A.S.P. did not appear before the district court prior to its motion to vacate judgment. Rather, the record contains only one letter from A.S.P. which actually questions whether A.S.P. had even been served and does not reflect that A.S.P. knew of the lawsuit or the consequences of a failure to answer.[1] Turek asserts that A.S.P. requested an extension of time to answer, but that request does not invoke the court's power to recognize jurisdiction. *See Larson,* 520 N.W.2d at 482 (finding no evidence in the record defendant had any contact with the district

---

1. Another letter provides evidence that A.S.P. never knew the acknowledgment form had been signed and returned. In his closing letter, A.S.P.'s attorney stated he had not returned the acknowledgment, when he had in fact done so.

court, only contact with opposing counsel). Given that A.S.P. took no affirmative steps to invoke the power of the court prior to its motion to vacate the default judgment, A.S.P. did not waive its right to challenge the effectiveness of service of process.

## DECISION

The district court erred in denying the motion to vacate judgment. The default judgment was void for lack of jurisdiction because Turek failed to effectively serve A.S.P.

Reversed.