*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0083**

Keith Melillo,
Appellant,

vs.

Terry Arden Heitland,
Respondent.

**Filed August 31, 2015
Reversed and remanded
Johnson, Judge**

Scott County District Court
File No. 70-CV-14-13076

Terry A. Watkins, Watkins Law Office, LLC, Faribault, Minnesota (for appellant)

Bryan J. Chant, Law Offices of Thomas P. Stilp, Golden Valley, Minnesota (for respondent)

Considered and decided by Johnson, Presiding Judge; Kirk, Judge; and Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**JOHNSON**, Judge

Keith Melillo brought this lawsuit against Terry Arden Heitland based on personal injuries he allegedly sustained in an automobile accident. The district court dismissed Melillo's lawsuit on the ground that he did not effect service of process within the applicable statute of limitations. We conclude that, in light of the relevant caselaw,

Melillo's delivery of the summons and complaint by certified mail, evidenced by a signed return receipt, is valid service of process. Therefore, we reverse and remand.

## FACTS

On August 1, 2008, Melillo and Heitland were involved in an automobile accident. On four occasions in 2013 and 2014, Melillo's attorney attempted to commence this action by personal delivery of the summons and complaint on Heitland. Twice Melillo's attorney arranged for service of process by the Hennepin County Sheriff's Office; twice he contracted with a private process server. All four of those attempts were unsuccessful.

On June 6, 2014, Melillo's attorney sent the summons and complaint to Heitland at his residence by certified mail, with a return receipt requested. Melillo's attorney later received a green return-receipt post card, which bears Heitland's signature and indicates that Heitland received delivery of the envelope on June 9, 2014.

On July 1, 2014, Heitland served his answer. He alleged, among other things, that service of process was insufficient and that Melillo's claim is barred by the applicable statute of limitations. On August 18, 2014, Heitland served a motion to dismiss the complaint. In an accompanying memorandum, Heitland argued that dismissal is required because he never was personally served with the summons and complaint and because the applicable statute of limitations had lapsed. *See* Minn. Stat. § 541.05, subd. 1(5) (2014). The district court granted the motion in a two-page order. The district court concluded that Melillo "did not properly serve [Heitland] with the Summons and Complaint under either Rule 4.03 or 4.05 of the Minnesota Rules of Civil Procedure before the expiration of the statute of limitations." Melillo appeals.

2

## D E C I S I O N

Melillo argues that the district court erred by granting Heitland's motion to dismiss. He contends that service of process was effected before the statute of limitations lapsed. This court applies a *de novo* standard of review to a district court's determination whether service of process is effective. *Shamrock Dev., Inc. v. Smith*, 754 N.W.2d 377, 382 (Minn. 2008).

Melillo's appeal implicates the following provisions of rule 4 of the Minnesota Rules of Civil Procedure:

**4.03  Personal Service**

Service of summons within the state shall be as follows:

(a)    **Upon an Individual**.  Upon an individual by delivering a copy to the individual personally or by leaving a copy at the individual's usual place of abode with some person of suitable age and discretion then residing therein. . . .

. . . .

**4.05  Service by Mail**

In any action service may be made by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 22 and a return envelope, postage prepaid, addressed to the sender.  If acknowledgment of service under this rule is not received by the sender within the time defendant is required by these rules to serve an answer, service shall be ineffectual.

Unless good cause is shown for not doing so, the court shall order the payment of the costs of personal service by the person served if such person does not complete and return the

notice and acknowledgment of receipt of summons within the time allowed by these rules.

**4.06  Return**

Service of summons and other process shall be proved by the certificate of the sheriff or other peace officer making it, by the affidavit of any other person making it, by the written admission or acknowledgment of the party served, or if served by publication, by the affidavit of the printer or the printer's designee. The proof of service in all cases other than by published notice shall state the time, place, and manner of service. Failure to make proof of service shall not affect the validity of the service.

Minn. R. Civ. P. 4.03, 4.05, 4.06.

Melillo contends that he effected service of process by personal delivery pursuant to rules 4.03 and 4.06 by way of certified mail, with return receipt requested.[1]  He relies on *Blaeser & Johnson, P.A. v. Kjellberg*, 483 N.W.2d 98 (Minn. App. 1992), *review denied* (Minn. June 10, 1992).  In that case, this court held that a defendant's receipt of a summons and complaint by certified mail was effective service of process because the delivery of the summons and complaint to the individual defendant was proved by his signature on the return receipt.  *Id.* at 102.  In reaching that conclusion, this court relied

[1]Melillo does not argue in his brief that he validly served process by mail pursuant to rule 4.05.  Such an argument would fail because of the requirement that an acknowledgment-of-service form be signed by the defendant and returned to the plaintiff. The rule states, "If acknowledgement of service under this rule is not received by the sender within the time defendant is required by these rules to serve an answer, service shall be ineffectual."  Minn. R. Civ. P. 4.05.  "Strict compliance" with this rule is required.  *Hughes v. Lund*, 603 N.W.2d 674, 677 (Minn. App. 1999).  Melillo concedes that he never received a signed acknowledgment-of-service form.  In fact, the record is silent as to whether Melillo's attorney included an acknowledgment-of-service form in the envelope that he sent to Heitland.  Thus, the district court correctly concluded that Melillo did not effect service of process by mail pursuant to rule 4.05.

4

on *Stonewall Ins. Co. v. Horak*, 325 N.W.2d 134 (Minn. 1982), in which the supreme court considered a case with similar facts and reasoned that a signed return receipt satisfies the requirements of rule 4.06 because the return receipt proves that the summons and complaint were personally delivered to the individual defendant. *Id.* at 136. The only significant difference between *Blaeser & Johnson* and *Stonewall* is that, in the latter case, the defendant was not present within the state because he was in military service and stationed in a foreign country. *Id.* at 135. But the defendant nonetheless received the summons and complaint by certified mail at his army post office box and personally signed the return receipt. *Id.* The supreme court applied Minnesota's long-arm statute, which provided that "a Minnesota court may exercise personal jurisdiction over [a] nonresident defendant . . . 'in the same manner as if . . . he were a resident of this state.'" *Id.* (quoting Minn. Stat. § 543.19, subd. 2 (1980)). That portion of the *Stonewall* opinion allowed this court in *Blaeser & Johnson* to reason that "if effective service can be made outside the state under the facts of *Stonewall*, then similar facts would render effective service within the state." *Blaeser & Johnson*, 483 N.W.2d at 101.

The facts of the present case are substantially the same as the facts of *Blaeser & Johnson*. In each case, the plaintiff sent a summons and complaint to an individual plaintiff by certified mail, with return receipt requested. *See id.* at 100. In each case, the individual defendant signed the return receipt, which was returned to the plaintiff's attorney, thereby proving that the defendant received personal delivery of the summons and complaint. *See id.* In light of *Blaeser & Johnson*, Melillo's attorney's efforts to serve process on Heitland satisfy the requirements of rule 4.03 and 4.06.

Heitland contends that *Blaeser & Johnson* is inapplicable on the ground that this court's decision was based on the defendant's waiver of the right to challenge the sufficiency of service of process, not on the sufficiency of service of process itself. This court concluded in part 4 of the *Blaeser & Johnson* opinion that the defendant had waived his right to challenge the sufficiency of service of process by taking various actions to defend against the plaintiff's claim on the merits. *See id.* at 102. But this court also concluded in part 3 of the *Blaeser & Johnson* opinion that the "requirements [of rule 4.03(a)] have been satisfied," for the reasons that previously had been expressed in *Stonewall*. *Id.* In short, this court decided the *Blaeser & Johnson* appeal on two grounds, either of which would have been sufficient by itself. *See id.* Nothing in the *Blaeser & Johnson* opinion suggests that the reasoning in part 3 is *dictum* or otherwise inconsequential and that the ultimate disposition of the appeal rests solely on part 4. Thus, we reject Heitland's argument that *Blaeser & Johnson* did not hold that service of process could be effected by certified mail, with return receipt requested. *Cf. Coons v. St. Paul Cos.*, 486 N.W.2d 771, 773 n.1 (Minn. App. 1992) (distinguishing *Blaeser & Johnson* in case concerning service by mail pursuant to rule 4.05), *review denied* (Minn. July 16, 1992).

In sum, we conclude that, in light of *Blaeser & Johnson*, Melillo effected valid service of process by certified mail, as proved by the signed return receipt. We further conclude that service of process was effected within the limitations period. Thus, the

district court erred by granting Heitland's motion to dismiss. Therefore, we reverse and remand for further proceedings.

**Reversed and remanded.**