STATE OF MINNESOTA

IN SUPREME COURT

A15-0083

Court of Appeals                                                   Lillehaug, J.
                                                        Took no part, Chutich, J.

Keith Melillo,

                    Respondent,

vs.                                                          Filed:  June 22, 2016
                                                        Office of Appellate Courts

Terry Arden Heitland,

                    Appellant.

_____

Terry A. Watkins, Watkins Law Office, LLC, Faribault, Minnesota, for respondent.

Bryan J. Chant, Law Offices of Thomas P. Stilp, Golden Valley, Minnesota, for appellant.

Cheryl Hood Langel, McCollum, Crowley, Moschet, Miller & Laak, Ltd., Minneapolis, Minnesota, for amicus curiae Minnesota Defense Lawyers Association.

_____

S Y L L A B U S

Service of process via certified mail does not constitute personal service under Minn. R. Civ. P. 4.03(a) or comply with the requirements for service by mail under Minn. R. Civ. P. 4.05.

Reversed.

1

LILLEHAUG, Justice.

This case arises from an automobile accident. Respondent Keith Melillo filed a lawsuit against appellant Terry Heitland for personal injuries suffered in the accident. Melillo attempted to serve the summons and complaint on Heitland via certified mail. The district court dismissed the suit with prejudice, concluding that Heitland was not properly served before the statute of limitations expired. The court of appeals reversed and remanded, concluding service via certified mail was effective. Because service of process via certified mail does not constitute personal service under Minn. R. Civ. P. 4.03, we reverse the decision of the court of appeals and reinstate the district court's judgment of dismissal with prejudice.

I.

Melillo and Heitland were involved in an automobile accident on August 1, 2008. Melillo made numerous unsuccessful attempts to serve Heitland through the Hennepin County Sheriff's Office and a private process server.

On June 6, 2014, Melillo's attorney sent the summons and complaint via certified mail to Heitland's residence. The mailing did not include a Notice of Acknowledgment of Service. *See* Minn. R. Civ. P. 4.05; Minn. Civ. Form 22. Upon delivery of the mailing, Heitland signed a Domestic Return Receipt (return receipt card) which was received by Melillo's attorney on June 9, 2014.

On July 1, 2014, Melillo filed the complaint in district court and sent Heitland's attorney a copy of the summons and complaint by U.S. mail and email. However,

Heitland's attorney was not authorized to accept service on Heitland's behalf, nor did he execute an Acknowledgment of Service. On July 1, 2014, Melillo filed an affidavit of service in the district court. The next day Heitland filed an answer affirmatively alleging that service of process was insufficient.

On August 1, 2014, 6 years after the accident, the statute of limitations expired. *See* Minn. Stat. § 541.05, subd. 1(5) (2014). Heitland filed a motion to dismiss based on the statute. The district court concluded that Heitland had not been properly served under Minn. R. Civ. P. 4.03(a)[1] or 4.05,[2] and therefore granted the motion to dismiss with prejudice.

---

[1] **4.03. Personal Service**

Service of summons within the state shall be as follows:

    **(a) Upon an Individual.** Upon an individual by delivering a copy to the individual personally or by leaving a copy at the individual's usual place of abode with some person of suitable age and discretion then residing therein.

[2] **4.05. Service by Mail**

In any action service may be made by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 22 and a return envelope, postage prepaid, addressed to the sender. If acknowledgment of service under this rule is not received by the sender within the time defendant is required by these rules to serve an answer, service shall be ineffectual.

Unless good cause is shown for not doing so, the court shall order the payment of the costs of personal service by the person served if such person does not complete and return the notice and

(Footnote continued on next page.)

3

Melillo appealed. The court of appeals reversed and remanded, relying on *Blaeser & Johnson, P.A. v. Kjellberg*, 483 N.W.2d 98 (Minn. App. 1992), *rev. denied* (Minn. June 10, 1992). *Melillo v. Heitland*, No. A15-0083, 2015 WL 5089142, at *3 (Minn. App. Aug. 31, 2015). This appeal followed.

II.

The only issue before us is whether service of process upon a defendant in this state may be accomplished by certified mail with a returned receipt. "Whether service of process was effective, and personal jurisdiction therefore exists, is a question of law that we review de novo." *Shamrock Dev., Inc. v. Smith*, 754 N.W.2d 377, 382 (Minn. 2008). "We also review the construction and application of the Minnesota Rules of Civil Procedure de novo." *Id.* We "must apply the facts as found by the district court unless those factual findings are clearly erroneous." *Id.* We have made clear that "[s]ervice of process in a manner not authorized by the rule is ineffective service." *Tullis v. Federated Mut. Ins. Co.*, 570 N.W.2d 309, 311 (Minn. 1997).

"When interpreting a rule, we look first to the plain language of the rule and its purpose." *Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598, 601 (Minn. 2014). When the language of the rule is plain, it must be followed. *Id.* In this case, we must follow the plain language of Rule 4, specifically Rules 4.03, 4.05, and 4.06.

---

(Footnote continued from previous page.)
acknowledgment of receipt of summons within the time allowed by these rules.

We start with Rule 4.05, which covers "Service by Mail." Melillo tried to serve the summons and complaint by mail—in this case, certified mail. Rule 4.05 requires: (1) mailing a copy of the summons and complaint; (2) by first-class mail; (3) postage prepaid; (4) to the person to be served; (5) together with two copies of a notice and acknowledgment that conforms substantially to Form 22; (6) providing a return envelope, postage prepaid addressed to the sender; and (7) timely return of the acknowledgment. Melillo's purported service did not comply with several of these requirements. Most importantly, Heitland did not receive or return the required acknowledgment of service.

Melillo acknowledges that the purported service did not accomplish "service by mail" under Rule 4.05. Instead, Melillo urges that we focus on Rule 4.03, which is captioned "Personal Service." Essentially, Melillo contends that Heitland was personally served by the U.S. Postal Service carrier who delivered the certified mail. He further contends that such personal service was proven by the signed return receipt card, which constitutes "written admission or acknowledgment of the party served" under Rule 4.06.[3]

Melillo's position conflicts with the plain language of the rules. It is Rule 4.05, not Rule 4.03, that specifies how "service by mail" must be accomplished. To state the

---

[3] **4.06. Return**

> Service of summons and other process shall be proved by the certificate of the sheriff or other peace officer making it, by the affidavit of any other person making it, by the written admission or acknowledgment of the party served, or if served by publication, by the affidavit of the printer or the printer's designee. The proof of service in all cases other than by published notice shall state the time, place, and manner of service. Failure to make proof of service shall not affect the validity of the service.

obvious: service by mail is not personal service, and personal service is not service by mail.

Even if we were free to disregard the words of Rule 4.05, the mail carrier's delivery of certified mail did not constitute personal service under Rule 4.03. In interpreting the rules governing service, we have required that the process server know that a summons is being served and intend to serve it. *See Lee v. Skrukrud*, 231 Minn. 203, 204, 42 N.W.2d 544, 545 (1950) (holding that Minn. Stat. §§ 543.03, 543.14 (1949) required service of a summons to be done "knowingly and intentionally").[4] Here, there is nothing in the record to show that the mail carrier had any idea what was in the envelope delivered to Heitland.

Nor does Rule 4.06 aid Melillo. Under that rule, personal service may be proven in any of three ways: (1) a "certificate of the sheriff or other peace officer"; (2) an affidavit of "any other person making" service; or (3) a "written admission or acknowledgment of the party served." The first way is entirely inapplicable here, as the sheriff did not complete service. The second way is inapplicable because there is no affidavit of the mail carrier.

Melillo contends that service was proven the third way because Heitland's signature on the return receipt card constituted "the written admission or acknowledgment of the party served." We disagree. When Heitland signed for an envelope, he did not admit or acknowledge that he had received a summons and

---

[4]     Minnesota Statutes § 543.03 (1949) was superseded by Minn. R. Civ. P. 4.02 (1952) and Minn. Stat. § 543.14 (1949) was superseded by Minn. R. Civ. P. 4.06 (1952).

6

complaint. He acknowledged that he had received an envelope. By comparison, Form 22 calls for an acknowledgment that a summons and complaint has been received.

Accordingly, under the plain language of Rules 4.03, 4.05, and 4.06, service by certified mail is not allowed. And Melillo makes no assertion that such service was made by consent or by estoppel. *See DeCook v. Olmsted Med. Ctr., Inc.*, 875 N.W.2d 263, 270-71 (Minn. 2016) (holding that the appellants consented to alternative service).

But, argues Melillo, this plain-language analysis conflicts with our holding in *Stonewall Ins. Co. v. Horak*, 325 N.W.2d 134, 136 (Minn. 1982), in which we ruled that Minnesota's long-arm statute allowed a plaintiff to serve a military defendant living outside the country by certified mail under Rule 4.03. We said that Minnesota's long-arm statute "provides that a Minnesota court may exercise personal jurisdiction over the nonresident defendant . . . 'in the same manner as if . . . he were a resident of this state.' " *Id.* at 135 (quoting Minn. Stat. § 543.19, subd. 1 (1984)). We also stated that "[u]nder Rule 4.06 proof of service can be 'by the written admission of the party served,' and the defendant's signature on the return receipt card constitutes such an admission." *Id.* Melillo also reminds us that, in *Blaeser & Johnson*, the court of appeals extended *Stonewall* to service by certified mail on in-state defendants. *See* 483 N.W.2d at 101-02.

We do not follow *Stonewall* and *Blaeser & Johnson* today because each decision pre-dated a significant change we made to the relevant Minnesota Rules of Civil Procedure. We decided *Stonewall* prior to 1985, the year we promulgated Rule 4.05, which governs "service by mail." In 1996, our amendment to Rule 4.04 (governing, among other things, personal service out of state) cabined *Stonewall* and cast doubt on

7

*Blaeser & Johnson*. *See* Minn. R. Civ. P. 4.04(c)(2)(C)(ii). The amendment allows service by certified mail to constitute personal service, but only on defendants located outside the United States. *Id.* (allowing service outside the country via "any form of mail requiring a signed receipt, to be addressed and dispatched by the court administrator to the party to be served"). Had we intended to allow "any form of mail requiring a signed receipt" for domestic or in-state service, we would have amended Rule 4.05 to say so.

In summary, the rules governing service by mail, personal service, and return of service are clear and unambiguous. Service by certified mail does not comply with them. Because Heitland was not served on or before August 1, 2014, the statute of limitations expired on Melillo's claim before proper service had occurred.

Therefore, we reverse the decision of the court of appeals and reinstate the district court's judgment of dismissal with prejudice.

Reversed.


CHUTICH, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.

8