Bassam HAJJIRI; Roxanne L. Hajjiri, Appellants,

v.

FIRST MINNESOTA SAVINGS BANK, F.S.B.; Norwest Corporation, a Delaware corporation; Norwest Savings Bank, F.S.B.; Norwest Holding Company; Norwest National Bank; Norwest Bank Minnesota, N.A., Appellees.

No. 93–2886.

United States Court of Appeals, Eighth Circuit.

Submitted May 9, 1994.

Decided May 31, 1994.

Mary C. Ivory, St. Paul, MN, argued (Michael K. Hoverson, Richard Nadler, and Thomas Lyon, on the brief), for appellant.

Charles F. Webber, Minneapolis, MN, argued (Steven Severson, on the brief), for appellee.

Before RICHARD S. ARNOLD, Chief Judge, LIVELY,* Senior Circuit Judge, and FAGG, Circuit Judge.

FAGG, Circuit Judge.

The district court dismissed Bassam and Roxanne L. Hajjiri's diversity lawsuit because the Hajjiris failed to commence their action before the applicable six-year Minnesota statute of limitations expired. *See* Minn.Stat. § 541.05 (1992). The Hajjiris appeal and we affirm.

The parties agree the statute of limitations expired on January 8, 1993, but dispute whether the Hajjiris' service by mail commenced their action before that date. We apply Minnesota law to decide when the Hajjiris' action was commenced. *See Walker v. Armco Steel Corp.*, 446 U.S. 740, 752–53, 100 S.Ct. 1978, 1986, 64 L.Ed.2d 659 (1980). Minnesota law provides that the action is commenced at the date of acknowledgment of service if service is made by mail. Minn. R.Civ.P. 3.01(b). The Hajjiris served Norwest Corporation by mail on November 25, 1992, but Norwest Corporation did not return the acknowledgment of service form sent with the complaint. Instead, on December 23, 1992, Norwest Corporation's attorney sent the Hajjiris' attorney a letter stating Norwest Corporation would not acknowledge service because the wrong defendants were named in the lawsuit.

The Hajjiris contend Norwest Corporation's letter satisfied the acknowledgment requirement. We disagree. Federal law governs process service in diversity lawsuits, and authorizes mail service according to state law as well as the federal rule. *Gulley v. Mayo Found.*, 886 F.2d 161, 164 (8th Cir.1989). The only way mail service can be acknowledged under the federal rule or Minnesota law is by return of the enclosed acknowledgment form within twenty days of the mailing. *See id.* at 165 (federal mail service rule); *Coons v. St. Paul Cos.*, 486 N.W.2d 771, 774–75 (Minn.Ct.App.1992) (Minnesota mail service rule). Because Norwest Corporation did not return the acknowledgment form, the Hajjiris' attempt to serve Norwest Corporation by mail was ineffective and their action was not commenced until they personally served Norwest Corporation and Norwest Bank Minnesota, N.A., on February 12, 1993, after the statute of limitations expired.

The Hajjiris also contend the appellees are estopped from raising the statute of limitations defense because Norwest Corporation's attorney led the Hajjiris to believe she would acknowledge service. The Hajjiris' estoppel argument is without merit. Rather than misrepresent that she would acknowledge service of the complaint against Norwest Corporation, the attorney named the proper defendants and agreed to acknowledge service if the Hajjiris served a complaint naming the proper parties.

Accordingly, we affirm.

* The HONORABLE PIERCE LIVELY, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.