## STATE v. DONALD G. PIERCE.

100 N. W. (2d) 137.

December 31, 1959—No. 37,751.

*Graff, Schultz & Springer* and *Arnold E. Kempe,* for appellant.
*Miles Lord,* Attorney General, *John F. Thoreen,* County Attorney,
and *Albert E. Ranum,* Assistant County Attorney, for respondent.

KNUTSON, JUSTICE.

This is an appeal from an order of the District Court of Washington
County dismissing an appeal to that court from a judgment of con-
viction by a justice of the peace.

The facts have been stipulated. On June 19, 1958, defendant was
found guilty of an offense by a justice court in Bayport. Sentence was
imposed on June 20. On June 27, notice of appeal to the district court,
in proper form, was deposited in the mail in St. Paul, addressed to the

county attorney of Washington County. The county attorney actually received this notice on June 28. On June 27, a bond on appeal, in proper form and with sufficient surety, was mailed to the justice of the peace at Bayport. It reached his mailbox on June 28, but at that time the justice was out of the state on vacation. On his return to Minnesota he approved the bond on July 9.

When the case was called for trial in the district court, the court granted a motion of the state to dismiss for lack of jurisdiction.

Two questions are presented here: (1) Was service upon the county attorney by mail sufficient to comply with our statutory provision relating to such appeals? (2) Where the bond required on appeal actually reaches the justice within the statutory time for appeal but is not approved by him until after the expiration of such time because of his absence from the state, is the appeal valid?

■ M. S. A. 633.20 governs the right of appeal from justice court to district court. It reads:

"Any person convicted of a criminal offense by a justice, whether on a plea of guilty or on a plea of not guilty, and whether or not the fine has been paid, may appeal to the district court within ten days after the conviction by:

"Entering into a recognizance, with sufficient surety, to be approved by the justice, conditioned to appear before the district court on the first day of the general term thereof next to be held in and for that county and to abide the judgment of the court therein, and in the meantime to keep the peace and be of good behavior;

"and by serving a notice upon the county attorney or, if there is no county attorney or he is absent from the county, upon the clerk of the district court specifying the grounds of the appeal as follows: That the appeal is taken upon questions of law alone or upon questions of law and fact."

The statute is silent as to the mode of service of the notice of appeal on the county attorney or, if he is absent from the county, upon the clerk of the district court. We may assume that personal service is contemplated by the statute. However, even where personal service is required by a statute, we have long held that, where service is made by

mail and actually reaches the party to be served within the required time, it is equivalent to personal service.[1]

While this rule has heretofore been applied in a variety of cases, all of which involve civil actions, we see no reason why it should not be equally applicable to a notice of appeal from a conviction in justice court. Actual receipt of the notice accomplishes the same purpose in such case as it does in those cases in which the rule has been held to apply. Here it is admitted that service was received by the county attorney within the statutory time for appeal. We now hold that this is sufficient compliance with the statute.

■ The next question involves the sufficiency of the approval of the appeal bond. In State v. Johnson, 242 Minn. 148, 64 N. W. (2d) 145, we held that the approval of the appeal bond within the statutory time for appeal was a jurisdictional prerequisite. That case was decided under § 633.20 prior to its amendment in 1955. As far as material, it then read:

"Any person convicted of a criminal offense by a justice may appeal to the district court upon complying with the following requisites within ten days thereafter:

"(1) The person so appealing shall enter into a recognizance, with sufficient surety, to be approved by the justice, * * *."

This statute was amended by L. 1955, c. 51, and, as far as here material, now reads:

"Any person convicted of a criminal offense by a justice, whether on a plea of guilty or on a plea of not guilty, and whether or not the fine has been paid, may appeal to the district court within ten days after the conviction by:

"Entering into a recognizance, with sufficient surety, to be approved by the justice, * * *."

---

[1]Van Aernam v. Winslow, 37 Minn. 514, 35 N. W. 381; Hoff v. Northwestern Elev. Co. 120 Minn. 224, 139 N. W. 153; In re Estate of Bridgham, 158 Minn. 467, 197 N. W. 847; In re Estate of Nelson, 180 Minn. 570, 231 N. W. 218; In re Estate of Devenney, 192 Minn. 265, 256 N. W. 104.

The statute no longer specifically requires approval of the bond within the 10-day period as it did under the former statute. Whether there was a legislative intent to change the harsh rule of the Johnson case we need not now determine. Here, a bond, proper in form, actually reached the justice at his usual place of business during the time allowed for perfecting an appeal. Lack of approval was due to no fault of defendant but, rather, was due to the absence of the justice from his usual place of business. Under these circumstances, it generally is held that defendant's right of appeal may not be defeated by failure to procure approval of the bond within a statutory time.[2] Any other rule would enable a justice of the peace, either intentionally or otherwise, to deprive a defendant of his right to appeal by the simple expedient of refusal to act within the statutory time or by absenting himself from the place where he could be found so that approval could not be obtained. We think that the better rule is that, where a defendant has done, or has attempted to do, all that the law required of him in order to perfect an appeal, his right to such appeal cannot be affected by any act or omission of a justice of the peace with respect to the bond or recognizance required by law to perfect such an appeal. No question is raised in this case as to the sufficiency of the bond. Failure to comply with the statute was due entirely to the absence of the justice from the state. Under these circumstances, defendant should not be held chargeable with failure to comply with the statute so as to defeat his appeal.

The decision of the trial court is reversed and the case is remanded to the district court for further proceedings not inconsistent herewith.

Reversed.

---

[2]See, Holmes v. District Court, 58 Nev. 352, 80 P. (2d) 907, 117 A. L. R. 1382, with Annotation at 1391; 31 Am. Jur., Justices of the Peace, §§ 125, 127.