## A. B. NYHUS v. CIVIL SERVICE BOARD, STATE.

232 N. W. 2d 779.

August 22, 1975—No. 45277.

*Nieman & Bosard* and *Bruce A. Rasmussen,* for appellant.

*Warren Spannaus,* Attorney General, *Peter W. Sipkins,* Solicitor General, and *Michael B. Miller,* Special Assistant Attorney General, for respondent.

Heard before Kelly, MacLaughlin, and Scott, JJ., and considered and decided by the court en banc.

MacLaughlin, Justice.

In a letter dated September 29, 1972, petitioner was informed by his superior officer that he was to be dismissed from his Minnesota civil service classified position because of his alleged failure, after repeated requests, to "take up residence within reasonable commuting distance of [his] assignment." The dismissal was to become effective October 8, 1972. The letter informed petitioner that he had 5 days to reply in writing or he could request to appear personally before his superior officer to reply. Petitioner was also informed that he had a right to demand a hearing before the Minnesota Civil Service Board. On September 30, 1972, petitioner responded in writing, denying that he had refused to comply with the residency requirement. He did not request to appear personally before his superior officer, but did request a hearing before the Civil Service Board. Petitioner was dismissed October 8, 1972.

Pursuant to petitioner's demand, and subsequent to his dismissal, a hearing was held before a hearing examiner who found that petitioner was discharged for just cause. Petitioner filed exceptions to the hearing officer's findings with the Civil Service Board. The board concluded that the discharge was for just cause and adopted the finding of the hearing examiner. A petition for review was then filed in the Ramsey County District Court which affirmed the findings and order of the Civil Service Board. Petitioner appeals to this court from the judgment of the district court. We affirm.

The principal issues are (1) whether petitioner was entitled to an evidentiary hearing prior to dismissal under the due process clause of the Fourteenth Amendment of the United States Constitution, and (2) whether there is sufficient evidence to support the determination that petitioner was dismissed for just cause.

■ The question of whether civil service employment constitutes property interest which affords an employee certain constitutional procedural due process rights has recently been deter-

mined by the United States Supreme Court.[1] Arnett v. Kennedy, 416 U. S. 134, 94 S. Ct. 1633, 40 L. ed. 2d 15 (1974), involved the issue of whether Kennedy's employment as a nonprobationary Federal employee constituted a property interest, and if so whether there is a constitutional due process right to a hearing prior to discharge, as distinguished from a post-discharge hearing. In the Arnett case, Wayne Kennedy, a field representative of the Chicago regional office of the Office of Economic Opportunity (OEO) was dismissed for accusing his superior of attempting to bribe a representative of a community action organization with which the OEO had dealt. The regulations applicable to Kennedy's employment provided that the employing agency must give 30 days' advance written notice to the employee prior to his removal. The notice was required to contain the reasons for the proposed discharge and any materials on which the dismissal was based. The regulations also provided that the employee could respond to the charge both orally and in writing and was entitled to appear personally before the official having authority to make or recommend the final decision. Under the regulations, the employee was entitled to a full evidentiary hearing after his removal and to back pay if he was ordered reinstated in his former position. See, 5 USCA, § 7501.

In a plurality opinion, Mr. Justice Rehnquist, joined by the Chief Justice and Mr. Justice Stewart, held that the property interest which a nonprobationary Federal employee has in his employment is conditioned by the procedural limitations which accompany the grant of the property interest. Mr. Justice Rehnquist stated that any time "the grant of a substantive right is inextricably intertwined with the limitations on the procedures

---

[1] Our own prior decisions on this question have been contrary to our conclusion in this opinion. For example, in Head v. Special School Dist. No. 1, 288 Minn. 496, 510, 182 N. W. 2d 887, 896 (1970), we said: "It has been held that one's employment by the state is not property and is not protected by the due process clause. This principle has been uniformly recognized by the courts."

which are to be employed in determining that right, a litigant in the position of appellee must take the bitter with the sweet." 416 U. S. 154, 94 S. Ct. 1644, 40 L. ed. 2d 33. Therefore, Kennedy was not entitled to a full evidentiary hearing prior to removal.

A concurring opinion by Mr. Justice Powell, joined by Mr. Justice Blackmun, stated that the "statute guaranteeing appellee continued employment absent 'cause' for discharge conferred on him a legitimate claim of entitlement which constituted a 'property' interest under the Fifth Amendment. Thus termination of his employment requires notice and a hearing." 416 U. S. 166, 94 S. Ct. 1650, 40 L. ed. 2d 40. The concurring opinion stated that the question of whether the hearing must come before termination should be resolved by balancing the government's interest in expeditious removal of an unsatisfactory employee against the interest of the employee in continued public employment, and that because the government has an interest in the maintenance of employee efficiency and discipline it must have wide discretion and control over the management of its personnel and internal affairs, which include the prerogative to remove employees whose conduct hinders efficient operation and to do so with dispatch. "Prolonged retention of a disruptive or otherwise unsatisfactory employee can adversely affect discipline and morale in the work place, foster disharmony, and ultimately impair the efficiency of an office or agency." 416 U. S. 168, 94 S. Ct. 1651, 40 L. ed. 2d 41.

The concurring opinion stated that the employee's countervailing interest is the continuation of his public employment pending an evidentiary hearing. Since he is reinstated and awarded back pay if he prevails at the subsequent hearing, his actual injury consists of a temporary interruption of his income during the interim. The concurring opinion stressed the fact that the Federal regulations answer the concern of the employee that he might be wrongfully removed by providing for written notice prior to removal, coupled with the right to answer the charge

orally and in writing and to appear before the official having the authority to make the decision prior to his dismissal. These safeguards, in addition to the right to an evidentiary hearing after dismissal, "minimize the risk of error in the initial removal decision and provide for compensation for the affected employee should that decision eventually prove wrongful." 416 U. S. 170, 94 S. Ct. 1652, 40 L. ed. 2d 42.

Mr. Justice White, in a separate concurring opinion, stated that the right to appear before an official to answer the charges prior to dismissal should include the opportunity to appear before an official other than one whose own reputation is at stake. Three justices dissented and expressed the opinion that because of the property interest involved a nonprobationary Federal employee is entitled to a full evidentiary hearing before a hearing officer prior to his dismissal.

Thus, the United States Supreme Court has held that there is a property interest in the position of a nonprobationary Federal employee, and a majority of the court has held that a post-dismissal hearing complies with constitutional standards if certain procedural safeguards are present. These safeguards include a provision for advance written notice to the employee prior to his removal setting forth the reasons for the removal and providing the right to the employee to respond to the responsible official prior to the removal, coupled with a right to a full evidentiary hearing after removal and back pay if the employee is reinstated. In our judgment, the holding of Arnett is equally applicable to a state civil service classified position.

Minn. St. 43.24, subds. 1 and 2, provide all of the procedural safeguards articulated by the Arnett opinion:

"Subdivision 1. No permanent employee in the classified service, under the provisions of this chapter or the rules made pursuant thereto, shall be removed, discharged, suspended without pay for more than 30 days, or reduced in pay or position, except for just cause, which shall not be religious or political, or because

of the employee's race, sex, disability or age, subject however to the mandatory retirement ages specified by law. In case of any disciplinary action, as enumerated in this section, the employee shall, before the action is taken, be furnished with a statement, in writing, setting forth the reasons for the disciplinary action, be permitted five days time to reply thereto, in writing, or upon his request, to appear personally and reply to the head of the department. A copy of the statement and the employee's reply, if any, shall be filed with the commissioner prior to the effective date thereof."

"Subd. 2. Any permanent employee who is removed, discharged, suspended without pay, or reduced in pay or position * * * may appeal to the board within 30 days after the effective date of such removal, discharge, suspension or reduction in pay or position. * * * If the board finds that the action complained of was not taken by the appointing authority for just cause, the employee shall be reinstated to his position, or an equal position in another department or division, without loss of pay. * * *"

The procedures outlined in the statute were afforded petitioner. While our statute provides for only a 5-day period in which the employee may reply to the notice of discharge, as contrasted to the 30-day period in the Arnett case, we have concluded that the statute sufficiently complies with the requirements set forth in Arnett so as to preclude our finding it unconstitutional. As we interpret Arnett, while it declares that a property interest is involved which requires certain constitutional due process procedures, it also indicates that the government should have considerable leeway in structuring its employment practices.

We therefore hold that a state civil service classified position confers a property interest upon the employee entitling him to certain constitutional procedural rights in connection with his proposed discharge and that those procedural rights were provided to petitioner in the instant case.

■ Petitioner vigorously asserts that the evidence does not support the determination that his discharge was for just cause. Minn. St. 15.0425 provides that a reviewing court may reverse or modify the decision of a governmental agency if, among other things, it is "[u]nsupported by substantial evidence in view of the entire record as submitted." While we do not deem it necessary to our decision to detail the evidence nor to set forth the arguments and counterarguments concerning the evidence, particularly when that evidence has been reviewed by the Civil Service Board and the Ramsey County District Court, we have carefully reviewed the record and hold that there is sufficient evidence to support the discharge.

We have considered other issues raised by petitioner and find them to be without merit.

Affirmed.