**STATE of Minnesota, ex rel. Anthony V. BOUZA, individually and in his capacity as Chief of the Police Department of the City of Minneapolis, Minnesota, Relator,**

v.

**William J. GREGG, individually and in his capacity as the Commissioner of Minnesota Department of Veterans Affairs, Jeffrey E. Green, Respondents.**

No. C2-88-2060.

Court of Appeals of Minnesota.

Feb. 7, 1989.
Review Denied April 10, 1989.

Hubert H. Humphrey, III, Atty. Gen., Merwin Peterson, Asst. Atty. Gen., St. Paul, Robert J. Alfton, Minneapolis City Atty., C. Lynne Fundingsland, Asst. City Atty., Minneapolis, for relator.

Irving Nemerov, Minneapolis, for Jeffrey E. Green.

Heard, considered and decided by CRIPPEN, P.J., and RANDALL and STONE,* JJ.

## OPINION

CRIPPEN, Judge.

The Veterans Affairs Commissioner found the Minneapolis Civil Service Commission failed to comply with discharge hearing requirements of the Minnesota Veterans Preference Act, Minn.Stat. § 197.46 (1986), and accordingly ordered the city to reinstate the employee with back pay plus interest. We reverse.

## FACTS

Respondent Jeffrey Green was employed for 14 years by the Minneapolis Police Department Bicycle Recovery Unit. Allegations of theft were made by the Department following two incidents that occurred in August and September 1986. In November 1986, Chief Bouza recommended Green's dismissal. Green subsequently requested a civil service hearing.

In April 1987, the Minneapolis Civil Service Commission reviewed the case and heard arguments pursuant to Rule 11.07 of the Minneapolis Civil Service Rules. The full Commission considered the testimony taken at a February fact hearing before a single member of the Commission. Green petitioned the Department of Veterans Affairs for review of the discharge procedure. An administrative law judge convened a hearing on the petition for review and thereafter recommended the petition be dismissed.

Green filed exceptions to the administrative law judge's findings, conclusions and recommendations, and oral arguments were held in April 1988 before the Veterans Affairs Commissioner, also a respondent in this case. In an order dated August 8, 1988, the Commissioner rejected the law judge's recommendation. He found that the city violated the Veterans Preference Act, and he ordered the city to rehire Green with back pay plus interest.

## ISSUES

1. Did the Veterans Affairs Commissioner err in determining as a matter of law that the use of a single commissioner at an employee's evidentiary hearing constituted a violation of the Veterans Preference Act?

2. Was the finding by the Veterans Affairs Commissioner that the employee did not receive a meaningful hearing supported by substantial evidence?

## ANALYSIS

Upon review of an agency's decision to terminate an employee, it is this court's function to set aside the agency's decision only if it is "fraudulent, arbitrary, unreasonable, not supported by substantial evidence on the record, * * * or is based on an erroneous theory of law." *See State ex rel Lucas v. Board of Education and Independent School District No. 99, Esko,* 277 N.W.2d 524, 526 (Minn.1979); Minn.Stat. § 14.69 (1988). Despite deference accorded to an agency's administrative expertise, a

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

reviewing court is not bound by an agency's decision if it is based on legal rather than factual considerations. *No Power Line, Inc. v. Minnesota Environmental Quality Council*, 262 N.W.2d 312, 320 (Minn.1977). Furthermore, deference to an agency's interpretation of a statute need not be given when "there are compelling indications that it is wrong." *Buhs v. State, Department of Public Welfare*, 306 N.W.2d 127, 129 (Minn.1981) (quoting *Red Lion Broadcasting Co. v. Federal Communication Commission*, 395 U.S. 367, 381, 89 S.Ct. 1794, 1802, 23 L.Ed.2d 371 (1969)).

Although generally a court will defer to an agency's interpretation of a technical rule that requires the agency's expertise in applying it, courts will not defer "when the language employed or the standards delineated are clear and capable of understanding." *Resident v. Noot*, 305 N.W.2d 311, 312 (Minn.1981).

1. Violation of Veterans Preference Act. The Veterans Preference Act requires a hearing by a civil service board or commission. Minn.Stat. § 197.46 (1988). We have previously decided that such an authorized board or commission must conduct the proceedings, and that a county cannot utilize another statute to "confer jurisdiction upon a factfinder or other body not authorized to hold the hearing under the [Veterans Preference] Act." *Walters v. Ramsey County*, 410 N.W.2d 343, 345 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. Sept. 30, 1987).

█ In this case, the Civil Service Commission did not confer jurisdiction upon an unauthorized body but took responsibility to assess facts and exercise discretion on the issues in the case. The Civil Service Commission's responsibility for the discharge proceeding was not minimized by its internal process which allows a single Commissioner to conduct the evidentiary hearing and report her findings and recommendations, based on the testimony received, to the full Commission. The process conducted by the Civil Service Commission was in accordance with its own rules and there is no suggestion that the Commission handled the case differently than its other official action.

2. Meaningful Hearing. Respondents claim that the employee did not receive a meaningful hearing because the Civil Service Commission was prejudiced by the recommendations of the single Commissioner who conducted the evidentiary hearing. In the context of due process requirements, it is recognized that an appropriate hearing is one conducted "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976) (quoting, *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965)). *See Contos v. Herbst*, 278 N.W.2d 732, 743 (Minn.1979), *reh'g denied* (March 13, 1979) (failure to provide a meaningful hearing prior to forfeiture of mineral rights constituted a due process violation).

█ In this case, the employee was entitled to a hearing prior to employment discharge under the Veterans Preference Act, and he also had a classified civil service position. Employment in a state civil service classified position constitutes a property right protected by due process. *Nyhus v. Civil Service Board*, 305 Minn. 184, 189, 232 N.W.2d 779, 782 (1975), *reh'g denied* (Sept. 23, 1975).

The transcript shows that the employee had a fair and impartial hearing. Even counsel for the employee stated on the record he had no objection to the Commissioner's "fairness, or anything else." Counsel failed to make any objection to the Commissioner's personal bias or prejudice against his client. At the evidentiary hearing, counsel stated: "the hearing examiner was alert and did listen to everything. I do appreciate that." Counsel only objected to the absence of the two remaining Commissioners.

The action by the Civil Service Commission which allows one commissioner to conduct the hearing did not create a risk that would deprive the employee of his interest, and did not conflict with the purpose and intent of the Veterans Preference Act to provide veterans with a fair, impartial hearing. He was afforded the opportunity to

contest the facts of the case and to present witnesses and other evidence before the Civil Service Commissioner. *See Boline v. Doty,* 345 N.W.2d 285, 289 (Minn.Ct.App. 1984) (due process requires the state to afford a meaningful opportunity to be heard); *Odell v. City of Eagan,* 348 N.W.2d 792, 798 (Minn.Ct.App.1984) (due process was not denied where appellants had "full hearings * * * [and] the opportunity to present witnesses and other evidence.").

## DECISION

Respondent Jeffrey E. Green was duly discharged by the Minneapolis Civil Service Commission. The Commissioner's decision reinstating Green's employment is reversed.

REVERSED.