In re PROPOSED PETITION TO
RECALL Mike HATCH,
Attorney General.

No. C8–01–990.

Supreme Court of Minnesota.

June 25, 2001.

ORDER

The Secretary of State has referred a proposed petition to recall Attorney Gen-

eral Mike Hatch to the Chief Justice for review. *See* Minn.Stat. § 211C.05, subd. 1 (2000). The statutory review process requires the Chief Justice to review the proposed petition to determine whether it alleges specific facts that, if proven, would constitute grounds for recall of the officer under Minn. Const. art. VIII, § 6 and Minn.Stat. § 211C.02 (2000). Minn.Stat. § 211C.05, subd. 1.

The grounds for recall set forth in the Minnesota Constitution and the recall statute are "serious malfeasance or nonfeasance during the term of office in the performance of the duties of the office or conviction during the term of office of a serious crime." Minn. Const. art. VIII, § 6; *see* Minn.Stat. § 211C.02. The petition states as grounds for recall both malfeasance and nonfeasance based on the same conduct, that "Mike Hatch has failed in his duties as Attorney General and as a lawyer to defend the constitutionality of Minnesota Statute Section 609.293 in Hennepin County District Court Case No. MC–01–489, resulting in a District Court Order striking down the crime of sodomy as unconstitutional." Petitioners claim that among the duties of a lawyer and of the Attorney General is the duty to provide a vigorous legal defense of statutes enacted by the Minnesota Legislature.

■ A threshold question is whether the same conduct can provide the basis for a finding of both malfeasance and nonfeasance. The recall provision in the Minnesota Constitution lists both malfeasance and nonfeasance as separate bases for a recall election. Minn. Const. art. VIII, § 6. The legislature adopted very distinct definitions of malfeasance and nonfeasance in the recall statute, the former describing wrongful or unlawful action and the latter describing a failure to act. Malfeasance is defined in the recall statute as:

the intentional commission of an unlawful or wrongful act by a state officer other than a judge in the performance of the officer's duties that is substantially outside the scope of the authority of the officer and that substantially infringes on the rights of any person or entity. Minn.Stat. § 211C.01, subd. 2 (2000). Nonfeasance is defined in the recall statute as "the intentional, repeated failure of a state officer other than a judge to perform specific acts that are required duties of the officer." Minn.Stat. § 211C.01, subd. 3 (2000). As malfeasance requires the intentional commission of an unlawful or wrongful act, the focus is on action taken by the official. In contrast, nonfeasance focuses on the official's failure to act.

In addition to the distinction between affirmative conduct and a failure to act, the recall statute establishes another express difference between malfeasance and nonfeasance. Specifically, under the recall statute nonfeasance is the *repeated* failure to perform specific acts, whereas there is no requirement of repetition in the definition of malfeasance. Minn.Stat. § 211C.01, subds. 2, 3.

To allow an allegation of a failure to perform a duty to state a claim for malfeasance as well as nonfeasance would render meaningless both the recall statute's distinction between action and nonaction and its express requirement of repetition in the case of nonfeasance. The canons of statutory construction require that all provisions of a statute be given effect. Minn. Stat. § 645.17(2) (2000). To give effect to legislative intent apparent in the definitions in the recall statute, a determination of whether the petition alleges facts that, if true, constitute either affirmative misconduct or a failure to act is necessary.

■ The stated basis for the petition in this case is the failure to defend the constitutionality of a statute, which on its face

appears to state a claim of nonfeasance rather than malfeasance. The court has previously rejected a party's attempt to characterize nonfeasance as malfeasance in the context of tort liability of a public official. *See Giefer v. Dierckx,* 230 Minn. 34, 40 N.W.2d 425 (1950). In *Giefer,* the plaintiff brought a negligence action against a public official based on the failure of the officer, after placing a barrier on the west side of a bridge washout, to place a barrier or warning on the east side of the washout. *Id.* at 37, 40 N.W.2d at 426–27. The plaintiff attempted to characterize the act as affirmative misconduct, as opposed to nonfeasance, in order to fall under a rule from a previous case. *Id.* at 38, 40 N.W.2d at 427. The court held that despite the plaintiff's characterization, the allegedly negligent conduct was the failure to place a sign on the east side of the washout, which constituted nonfeasance, and not malfeasance or misfeasance. *Id.*

Similarly, in this case, despite the language of the petition indicating a claim of both nonfeasance and malfeasance, petitioners' claim is one of nonfeasance. Petitioners focus exclusively on the Attorney General's failure to defend the constitutionality of the statute making sodomy a crime. *See* Minn.Stat. § 609.293 (2000). They allege multiple deficiencies in the response of the Attorney General to a motion for summary judgment in the case. As in *Giefer,* the focus is on what the actor failed to do. 230 Minn. at 38, 40 N.W.2d at 427. Given petitioners' focus on the Attorney General's alleged failure to perform a duty, the petition is properly characterized as one alleging nonfeasance rather than malfeasance.

Therefore, the issue is whether petitioners allege facts that, if proven, would establish an "intentional, repeated failure of a state officer * * * to perform specific acts that are required duties of the offi-

cer." Minn.Stat. § 211C.01, subd. 3. Petitioners allege that "Mike Hatch has failed in his duties as Attorney General and as a lawyer" to defend the constitutionality of the statute.

■ Petitioners' allegation concerning duties "as a lawyer" is not included in the legal standard for recall. Both the constitutional and statutory recall provisions are based on malfeasance or nonfeasance in the performance of the duties *of the office.* Minn. Const. art. VIII, § 6; Minn.Stat. § 211C.02. Neither provision makes any reference to the duties of a lawyer, and therefore allegations of failure in the duties as a lawyer are not valid grounds for recall of a public officer.

Petitioners also allege failure in the duties as Attorney General, in particular the duty to defend the constitutionality of the sodomy statute. Petitioners argue that this duty to defend arises from the inherent duties of the Office of Attorney General and separately from the Minnesota Rules of Professional Conduct.

■ The Rules of Professional Conduct cannot provide a legal basis for a recall petition for several reasons. To the extent petitioners rely on the Rules of Professional Conduct to support the allegation of failure in duties as a lawyer, their reliance is unavailing because, as indicated, failure as a lawyer cannot be the basis for a recall petition. To the extent petitioners rely on the Rules to support the allegation of failure in the duties as Attorney General, this reliance fails as well. Neither the constitution nor the recall statute addresses an official's failure to abide by professional norms as a basis for recall. In addition, the Rules of Professional Conduct themselves establish that they are intended to serve only as a standard of conduct within the regulation of the practice of law:

Violation of a Rule should not give rise to a cause of action nor should it create any presumption that a legal duty has been breached. The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. * * *. Accordingly, nothing in the Rules should be deemed to augment any substantive legal duty of lawyers or the extra-disciplinary consequences of violating such a duty.

Minn. R. Prof. Conduct, Scope. Just as the rules are not designed to be a basis for civil liability, they are also not designed to provide a basis for recall of a public official. Moreover, to allow the recall process to be used as a means of enforcing the Rules of Professional Conduct infringes on the Supreme Court's exclusive authority to discipline attorneys. *See In re Daly,* 291 Minn. 488, 490, 189 N.W.2d 176, 179 (1971) (holding that ultimate determination governing discipline of attorneys is vested in the court); *In re Lord,* 255 Minn. 370, 372, 97 N.W.2d 287, 289 (1959) (holding that despite Attorney General's status as executive officer he is subject to discipline process and that unethical conduct in court "involves something resting entirely with the judicial branch"). Because the recall statute does not address a public official's duties as a lawyer, because the Rules of Professional Conduct are intended only as a basis for professional regulation, and because using the professional rules as a basis for recall would infringe on the court's exclusive authority to discipline attorneys, those rules cannot form the basis of a recall petition.

Petitioners allege that separate from his duties under the Rules of Professional Conduct, the Attorney General is "duty bound" to defend the statute, presumably relying on duties inherent in the office. In response, the Attorney General relies upon the broad discretion afforded the Attorney General when representing the state, citing *Head v. Special School District No. 1,* 288 Minn. 496, 503, 182 N.W.2d 887, 892 (1970), *overruled on other grounds, Nyhus v. Civil Service Bd.,* 305 Minn. 184, 232 N.W.2d 779 (1975); *Slezak v. Ousdigian,* 260 Minn. 303, 308, 110 N.W.2d 1, 5 (1961); and *State, ex rel. Peterson v. City of Fraser,* 191 Minn. 427, 432, 254 N.W. 776, 777–78 (1934). The Attorney General also relies on cases from other jurisdictions holding that the Attorney General may even challenge the constitutionality of statutes when the Attorney General determines the statute is unconstitutional. *See, e.g., State v. Chastain,* 871 S.W.2d 661, 665 (Tenn. 1994); *State, ex rel. Landis v. S.H. Kress & Co.,* 115 Fla. 189, 155 So. 823, 826 (1934) (superseded by statute).

Here there is no need to reach the issue of whether the duties of the office require the Attorney General to defend the constitutionality of statutes because the petition fails for a separate reason. Under the nonfeasance provision of the recall statute the petition must allege facts that if true, constitute a *repeated* failure to act. Minn.Stat. § 211C.01, subd. 3. The requirement in the statute that the failure to perform be repeated indicates the legislature did not intend an official to be subject to recall for a single failure to perform a required duty. The legislature's intent is apparent from the noticeable absence of the term "repeated" in the definition of malfeasance. Minn.Stat. § 211C.01, subd. 2. Additionally, in the statute regarding recall of county officials, which based on its similarities appears to have been the model for chapter 211C, the legislature did not require repeated failure to act in the definition of nonfeasance. Minn.Stat. § 351.14, subd. 3 (2000). Therefore, the legislature's clear intent that a failure to act be repeated before the official is sub-

ject to recall for nonfeasance in office must be given effect. Minn.Stat. § 645.17(2) (establishing presumption that the legislature intends the entire statute to be effective).

The petition alleges only a single failure of the Attorney General to defend the constitutionality of a statute. While the petition alleges multiple deficiencies in the Attorney General's response to a motion for summary judgment, the fact that the defense of the statute in one case was allegedly deficient in more than one way does not satisfy the requirement of repeated failure "to perform specific acts that are required duties of the officer." Minn.Stat. § 211C.01, subd. 3. Because the facts as alleged by petitioners do not establish repeated failure to perform the asserted duty to defend the constitutionality of statutes, the conduct alleged does not satisfy the legal standard for nonfeasance in the recall statute. Therefore, the petition does not satisfy the requirements for referral by the reviewing Chief Justice to a special master.

Now therefore, based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the proposed petition for recall be, and the same is, dismissed.

BY THE COURT:
/s/ Kathleen A. Blatz
Chief Justice