**STATE of Minnesota Regarding the Parties: Gregory Allen JARVELA, petitioner, Appellant,**

v.

**Penny BURKE, formerly Penny Brotherton, Respondent.**

No. A03–1232.

Court of Appeals of Minnesota.

April 20, 2004.

Richard E. Prebich, Law Offices of Richard E. Prebich, Hibbing, MN, for appellant.

Patrick J. Roche, Paul D. Cerkvenik, Trenti Law Firm, Virginia, MN, for respondent.

Considered and decided by
STONEBURNER, Presiding Judge,
HUDSON, Judge, and CRIPPEN, Judge.

## O P I N I O N

CRIPPEN, Judge.*

Appellant Gregory Jarvela makes numerous flawed arguments challenging the child support magistrate's determination that appellant's support obligation should continue indefinitely for his mentally and physically disabled adult son. But because the magistrate erroneously failed to consider appellant's subsequent children when ordering the indefinite support extension, we reverse and remand for reconsideration of that issue.

## FACTS

The underlying facts are undisputed. In September 1984 respondent Penny Burke gave birth to D.B., a child with severe mental and physical disabilities. Though she was not married to appellant, he soon acknowledged that he was D.B.'s father and began paying child support to Burke.

Ten years later, in a hearing to determine appellant's child-support arrearage, the district court found that D.B. would be incapable of self-support pursuant to Minn. Stat. § 518.54 because of his condition. Although the court ordered an extension of appellant's child support obligations, the order was silent as to the duration of this "extension."

In 1996, the court reiterated appellant's child-support obligations but failed to readdress D.B.'s disabilities. Instead, the order merely stated that appellant's obligation would continue until D.B. reached the age of 20, if continually enrolled in secondary education, or otherwise until he turned 18, became emancipated, "or until further Order of the Court."

In January 2003, when D.B. was 18 years old but still enrolled in secondary education, respondent Burke moved for an extension of appellant's support obligation. A magistrate granted this motion, indefinitely continuing appellant's obligation based on a finding that D.B. was "incapable of self-support due to a physical or mental condition," and therefore remained a "child" under Minn.Stat. § 518.54, subd. 2 (2002).

The magistrate noted in its order that appellant was the father of two children born after the 1996 child support order, and stated that these "subsequent children" may only be considered "as a defense to any motion to increase support" under Minn.Stat. § 518.551, subd. 5f (2002). Neither party requested a change in the amount of the obligation. Although the record does not expressly state that appellant's other children were not factored into the magistrate's determination, this is a necessary inference from the order as a whole.

## ISSUE

Did the magistrate err in failing to consider subsequent children when ordering an indefinite extension of appellant's child support obligations?

## ANALYSIS

 When reviewing a child support magistrate's modification order, this court applies the same standard of review that would apply if the order had been issued by the district court. *Ludwigson v. Ludwigson*, 642 N.W.2d 441, 445-46 (Minn. App.2002). This standard affords the ad-

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

judicator broad discretion to determine and modify child support. *Putz v. Putz,* 645 N.W.2d 343, 347 (Minn.2002). But we are not bound by and need not give deference to a district court's decision on a purely legal issue. *Modrow v. JP Foodservice, Inc.,* 656 N.W.2d 389, 393 (Minn. 2003).

### 1.

■ Appellant asserts that the magistrate erred as a matter of law in failing to consider the needs of his other two children, who were born after the 1996 support order. He contends the current, indefinite extension is an "increase" of his support obligation, and that needs of subsequent children must be considered in reaching this decision. Minnesota's appellate court has not previously considered the significance of later-born children in procedural circumstances like these.

Minn.Stat. § 518.551, subds. 5–5f (2002) provides the guidelines for all child support awards and modifications. Subdivision 5f explicitly states that "[t]he fact that an obligor had additional children after the entry of a child support order is not grounds for a modification to decrease the amount of support owed." *Id.,* subd. 5f. But when a party moves to increase child support, the circumstances change and the adjudicator is obligated to consider the needs of after-born children. *Id.*

Appellant contends that indefinite extension of a child support obligation constitutes an "increase" under Minn.Stat. § 518.551, subd. 5f, even if the monthly obligation remains unchanged. The magistrate's order briefly mentions both appellant's subsequent children and the statute, but also notes that "[n]either party has served or filed motions to modify, either to increase or to decrease child support." It is evident that the magistrate did not consider the indefinite extension an "increase," and that the needs of subsequent children were not considered in the extension decision.

■ Although the magistrate correctly notes that the amount of appellant's monthly obligation has not changed under the new order, this does not call for disregard of later-born children under the statute. "Increase," using its general definition, means "to become greater in size, amount, duration, or degree." 1 *The Compact Edition of the Oxford English Dictionary* 1409 (1987). A durational modification is as much an "increase" as a monetary modification, and the needs of subsequent children must be considered when determining the indefinite extension of the obligation.[1] Under the circumstances, we must remand to the child support magistrate for reconsideration of this issue.[2]

### 2.

Appellant's additional challenges to the magistrate's order are contradicted by statute and precedent.

1. We also appreciate, under the statutes, that appellant's obligation for a dependent adult is merely a continuation of his obligation for that child as a minor. What is significant about this case is the fact the previous support order does not establish this continuing obligation, which is now judicially determined by a durational modification.

2. The adjudicator, "in order to deviate from the support guidelines in subdivision 5 to consider the needs of subsequent children" must make findings stated in subdivision 5f and then "exercise discretion to fairly determine the current support obligation and the contribution left available for other children, considering that the support obligation being determined should be in an amount at least equal to the contribution for a subsequent child." Minn.Stat. § 518.551, subd. 5f.

■ Appellant asserts that Burke lacked standing to bring a motion for modification because her rights of legal and physical custody over D.B. automatically terminated on his 18th birthday. He cites no case law to support his assertion, and the argument conflicts with the governing statute. By law, "child" specifically includes in its statutory definition individuals "who, by reason of physical or mental condition, [are] incapable of self-support." Minn.Stat. § 518.54, subd. 2 (2002). Since it is undisputed that D.B. is incapable of self-support, he remains a child under statute, and respondent retains ongoing legal custody over him. Respondent had standing to bring the present modification motion.

■ Appellant's second argument is that the magistrate erred in failing to deviate from the statutory guidelines set forth in Minn.Stat. § 518.551 based solely on D.B.'s adulthood. But there is no statutory distinction between support for children under the age of 18 and other "children" defined under Minn.Stat. § 518.54. The guidelines set forth a rebuttable presumption for determining the amount of child support for any child. Minn.Stat. § 518.551, subd. 5(i). The magistrate did not abuse his discretion in applying the standard child-support guidelines.[3]

■ Appellant contends that extending child support indefinitely denies him equal protection of laws governing the obligation of a married couple for a disabled adult child. But he has failed to make the threshold showings that married and unmarried persons with disabled children are similarly situated, and that there is no rational basis for the statute that creates the disparate treatment. *See Lundberg by Lundberg v. Jeep Corp.*, 582 N.W.2d 268, 271 (Minn.App.1998). Married and unmarried persons are not similarly situated. *See Zablocki v. Redhail*, 434 U.S. 374, 403, 98 S.Ct. 673, 690, 54 L.Ed.2d 618 (Stevens, J., concurring) ("When a State allocates benefits or burdens, it may have valid reasons for treating married and unmarried persons differently. Classification based on marital status has been an accepted characteristic of tax legislation, Selective Service rules, and Social Security regulations."). And the statute governing child support for unmarried couples is rationally related to the welfare of the child. *Cf. Tammen v. Tammen*, 289 Minn. 28, 30, 182 N.W.2d 840, 842 (1970) (stating that minor children have a "basic right" to support from their parents and that in matters of support amount, welfare of child is paramount concern); *LaChapelle v. Mitten*, 607 N.W.2d 151, 163–64 (Minn.App. 2000) (recognizing that parent has fundamental right to travel, but holding that conditioning sole physical custody on return to Minnesota is not violation of that right because it is justified by state's compelling interest in protecting best interest of child), *review denied* (Minn. May 16, 2000). Appellant has failed to bear the heavy burden of demonstrating that this presumptively valid statute is unconstitutional. *Head v. Special Sch. Dist. No. 1*, 288 Minn. 496, 506, 182 N.W.2d 887, 894 (1970), *rev'd on other grounds*, 305 Minn. 184, 232 N.W.2d 779 (1975).

Appellant argues that the doctrines of res judicata or collateral estoppel should apply because the 1996 order "set the legal

---

**3.** Appellant also asserts that an application of the guidelines should have been accompanied by a mandate that respondent apply for social security benefits and other governmental assistance on D.B.'s behalf, and that those benefits should be considered to offset appellant's support obligation. He cites no legal authority that would obligate respondent to take this step. And, significantly, appellant shares joint legal custody of D.B., and there is nothing suppressing his own ability to seek such benefits.

boundaries of his child support obligation as to extent and duration." But Minnesota courts have long held that child support orders are not the traditional "final judgments" that these doctrines were intended to protect. *See, e.g., Bjordahl v. Bjordahl,* 308 N.W.2d 817, 819 (Minn.1981) (a child support order is "a special kind of decision which, by its own terms, creates ongoing obligations"); *Atwood v. Atwood,* 253 Minn. 185, 193, 91 N.W.2d 728, 734 (1958) (a motion for child support modification "is a supplementary proceeding, incidental to the original suit; it is not an independent proceeding or the commencement of a new action"). Moreover, appellant's arguments directly contradict the express language of Minn.Stat. § 518.64, subd. 1 (2002), which provides that "[a]fter an order for . . . support money, the court may from time to time, on motion of either of the parties, . . . modify the order respecting the amount of . . . support money . . ."

▇ Finally, appellant contends that the doctrine of laches should apply. But respondent's claim was not stale. *See State v. Mangni,* 231 Minn. 457, 468, 43 N.W.2d 775, 781 (1950)(holding that doctrine of laches cuts off stale claims of those who have procrastinated unreasonably or without excuse). Appellant's child support obligations were ongoing at the time of the motion and still subject to modification under Minn.Stat. § 518.64.

## D E C I S I O N

The motion to extend appellant's child support obligation was timely and proper, and the child support guidelines apply for the care of adults statutorily defined as "children." But because the child support magistrate failed to consider appellant's subsequent children when extending child support indefinitely, we must reverse and remand the child support order for further consideration.

**Reversed and remanded.**