Lynn C. **MAKI**, petitioner, **Respondent**,

v.

Karl J. **HANSEN**, **Appellant**.

No. A04–1339.

Court of Appeals of Minnesota.

March 31, 2005.

J. Victor Lager, Law Office of J. Victor Lager, Virginia, MN, for respondent.

Mary I. Johnson, Johnson Law Firm, P.A., Virginia, MN, for appellant.

Considered and decided by RANDALL, Presiding Judge; MINGE, Judge; and WRIGHT, Judge.

## O P I N I O N

MINGE, Judge.

Appellant Karl J. Hansen challenges the district court's decision to review a child-support magistrate's decision and to continue his child-support obligation. Appellant argues the district court lacked jurisdiction to hear respondent Lynn C. Maki's motion for review because respondent's motion for review was served improperly and because respondent did not act to extend appellant's child-support obligation before the child reached the age of 20. Appellant also challenges the district court's denial of his claim for a refund of child-support overpayment. We affirm in part, reverse in part, and remand for determination of whether the parties' son is capable of self-support and, if so, a refund of overpayments.

## FACTS

Appellant and respondent are the parents of a son who has Down's Syndrome. Their son was born on July 3, 1982, and was raised by and lives with respondent. The parties were never married. In 1983, appellant was ordered to pay child support to respondent. The child attended secondary school until the spring of 2003, just prior to turning 21. Although no motion was made or action commenced to continue support, the St. Louis County Child Support Collections Division continued to withhold child-support payments from appellant's income.

In June 2003, appellant moved to terminate his child-support obligation as of his son's 20th birthday and for a refund of child support collected from him since July 2002. Respondent objected. On July 21, 2003, the child-support magistrate (CSM) found that respondent had failed to move to extend appellant's child-support obligations past the statutory date of normal emancipation, that respondent had failed to provide any medical evidence or verification of her assertion that the parties' son is incapable of supporting himself, and that the issue of the child's disability would not be addressed. The CSM concluded that the burden of establishing disability was on respondent as the obligee and that unless extended, the obligation automatically terminated on the son's 20th birthday as a matter of law. The CSM then granted appellant's request that his child-support obligation terminate effective July 3, 2002. The district court administrator sent a copy of the CSM's order and a document entitled "Notice of Filing of Order and Right to Review or Appeal" to both parties. The document, which recites that it was approved by the Conference of Chief Judges, explained

> If you decide to request a review, you must do ALL of the following on or before the following date: August 18, 2003.
>
> (If you fail to complete a, b, c, and d as listed below by this date, your request will be denied):
>
> a.  Serve a copy of the "Motion for Review" on each of the other parties, including the county child support agency by U.S. mail or by personal service;
>
> b.  File with the Court Administrator the original "Motion for Review";
>
> c.  File with the Court Administrator proof of service of the motion upon each of the other parties and the county child support agency;

d. Pay any filing fees to the Court Administrator[.]

The document also explained that the parties had a right to appeal the CSM's order to the court of appeals within 60 days of the date the notice was mailed.

On August 15, 2003, respondent filed a combined motion for review[1] with the district court, cryptically requesting review of the child's disability and ability to support himself. Although ambiguous, the motion appears to request continued child support. Respondent personally mailed the motion to appellant's home; she did not serve the documents on or send a copy of the combined motion to appellant's attorney. Appellant argued that respondent's motion should be dismissed because it was not served on his attorney or mailed by the sheriff or other neutral person, as required by Minn. R. Gen. Pract. 355.01, subd. 2, and because respondent had never filed a motion to extend support before the child reached the age of 20.

The district court twice continued a hearing on respondent's claim to allow her time to properly serve appellant and file proper motions. On March 8, 2004, when respondent had still failed to properly serve or file a new motion, the district court dismissed respondent's combined motion for review without prejudice.

On March 22, 2004, respondent filed another motion with the district court. Respondent moved the district court to reverse the CSM's order and restore appellant's child-support obligations. Appellant argued that the district court did not have jurisdiction to review respondent's motion because, by law, appellant's child-support obligation ended when the parties' son reached the age of 20. Appel-

lant further argued that the district court did not have jurisdiction to consider the matter because respondent had not properly appealed or sought review of the CSM's decision and the time for seeking review had expired. On June 25, 2004, the district court ruled that it had continuing jurisdiction and the parties' son was still a "child" under Minn.Stat. § 518.54, subd. 2 (2002), unless otherwise demonstrated. The district court also stated that respondent had the right to bring her motion because the parties' 1993 stipulated order regarding support did not define "child." The district court denied respondent's motion to simply extend child support and ordered that an evidentiary hearing be scheduled. The district court also denied appellant's motion for a money judgment of overpaid support and attorney fees.

On July 9, 2004, the district court judge sent both parties a letter stating he had recently discovered that in 1990 he had represented respondent. The judge determined that he would recuse himself from further participation in the case unless both parties filed a waiver. Appellant did not agree to waive the judge's disqualification and asked that the judge be removed from the case. Another judge was assigned to preside over any future hearings.

Appellant seeks review of the district court's March 8, 2004, order dismissing the case without prejudice. In an interlocutory appeal, appellant also seeks review of the district court's June 25, 2004, order setting a hearing on child support and denying his motion for refund of child support paid after the child turned 20.

## ISSUES

I. Did the district court err by dismissing respondent's August 15,

---

1. Respondent filed this combined motion for review by filling out a standardized form, which was also furnished by the court admin-

istrator, and recites that it is approved by the Conference of Chief Judges.

2003 combined motion for review without prejudice?

II. Did the district court lack jurisdiction to extend appellant's support obligation?

III. Is respondent obligated to repay appellant the support paid after their child turned 20?

## ANALYSIS

### I.

■ The first issue is whether the district court erred by dismissing respondent's August 15, 2003 combined motion for review without prejudice. Appellant argues the motion should have been dismissed with prejudice because respondent did not properly serve and file a motion seeking review of or appealing the CSM's order and the time for seeking review has expired.

■ Whether service of process is proper is a question of law, which we review de novo. *Turek v. A.S.P. of Moorhead, Inc.*, 618 N.W.2d 609, 611 (Minn.App.2000), *review denied* (Minn. Jan. 26, 2001). The rules for serving documents in child-support cases require that "[i]f a party ... is represented by an attorney ..., service shall be made upon the party's attorney." Minn. R. Gen. Pract. 355.01, subd. 2. Additionally, "[s]ervice by mail shall be made only by the sheriff or by any other person who is at least 18 years of age who is not a party to the proceeding." Minn. R. Gen. Pract. 355.02, subd. 2.

■ Parties are expected to follow the requirements for service of process and failure to do so can result in dismissal of a claim. *See Nieszner v. St. Paul Sch. Dist. No. 625*, 643 N.W.2d 645, 648, 650 (Minn. App.2002). However, the rules of service are not always strictly construed. The Minnesota Supreme Court has stated that where personal service is required but service is made by mail and the party to be served actually receives the documents, service is effective. *State v. Pierce*, 257 Minn. 114, 115–16, 100 N.W.2d 137, 138–39 (1959). Similarly, strict enforcement of service requirements was implicitly rejected in *State by Johnson v. Scientific Computers, Inc.*, 388 N.W.2d 748 (Minn.1986). In *Scientific Computers*, this court had ruled that serving a party's counsel instead of the party, as required by the rules of service for writs of certiorari, did not constitute service on the party and discharged the writ. *State v. Scientific Computers, Inc.*, 384 N.W.2d 560, 561 (Minn.App.1986). The Minnesota Supreme Court reversed, reinstated the writ, and remanded the case for consideration of the merits, implicitly rejecting the reasoning that service on counsel was to be strictly construed. *State by Johnson*, 388 N.W.2d at 748.

Here, respondent served appellant by sending a copy of the combined motion for review by mail to appellant. Appellant received the motion and took it to his attorney. The case before us is not as dramatic as *Pierce*. In *Pierce*, actual receipt of service by mail was allowed in lieu of personal service. 257 Minn. at 115–16, 100 N.W.2d at 138–39. In our case, respondent personally mailed notice to appellant instead of having a neutral person depositing notice in the mail addressed to appellant's attorney. In our case, appellant received a copy of respondent's motion, had notice of the issues respondent was raising, delivered the material to his attorney, and had the opportunity to be heard by filing a response to respondent's motion. While we emphasize the importance of following the procedures for service set forth in the rules, we note that although appellant claims he filed responsive documents late, he was not actually prejudiced by improper service.

We also observe that in this proceeding, when respondent received a copy of the CSM's order, she also received a form entitled "Notice of Filing of Order and Right to Review or Appeal." This form was sent by the court administrator, recited that it was approved by the Conference of Chief Judges, and described how to obtain review of the CSM's order. The form's instructions on service do not identify the requirements of Minn. R. Gen. Pract. 355.01, subd. 2, for proper service. Respondent complied with all the steps listed on the form.[2] Based on all the circumstances in this case, we determine here that the rules of service should not be so strictly applied as to result in dismissal of her claim and that respondent's initial service of her combined motion for review was effective. Because the service of the combined motion was effective and because the combined motion included a request that the district court determine whether the child was disabled and incapable of self-support, we conclude that it raised the issue of emancipation and child support and the district court improperly dismissed respondent's initial request for review. In any event, because the CSM did not purport to address the issue of the son's disability, because the district court dismissed the request for review without prejudice, and because the respondent's subsequent motion to the district court has raised the issues of disability and support, we conclude that these issues were properly presented to the district court.

## II.

■ The second issue is whether respondent's request for continued child support was timely when the request was made after the parties' son reached the statutory age of emancipation. This is a question of law and we review questions of law under the de novo standard. *Alpha Real Estate Co. of Rochester v. Delta Dental Plan of Minn.*, 664 N.W.2d 303, 311 (Minn.2003).

The general rule in Minnesota is that the obligation to pay child support terminates when the child is emancipated. The statutes provide that:

> [u]nless a court order provides otherwise, a child support obligation in a specific amount per child terminates automatically and without any action by the obligor to reduce, modify, or terminate the order upon the emancipation of the child as provided under section 518.54, subdivision 2.

Minn.Stat. § 518.64, subd. 4a(a) (2004). The cross-referenced statute provides that a person is a child as defined by law, if the person is "an individual under 18 years of age, an individual under age 20 who is still attending secondary school, or an individual who, by reason of physical or mental condition, is incapable of self-support." Minn.Stat. § 518.54, subd. 2 (2004). As a result, the statutes imply that an individual incapable of self-support continues to be an unemancipated child for support and maintenance purposes. *See* Minn.Stat. §§ 518.54, subds. 1, 2, .64, subd. 4a(a) (2004).

■ Respondent argues that the district court could extend appellant's child-support obligation because the parties' son is incapable of supporting himself. However, whether support would be ordered is not at issue here.[3] The issue we face is

---

2. A form distributed by the court should conform with the Minnesota Rules of General Practice. Many parties appearing before CSMs are pro se and will rely on this form supplied by the district court. We urge that

the service requirements in this form be addressed.

3. Such support may be ordered if the parent seeking to extend support establishes that his

whether respondent's motion for continued support was timely.

Appellant and respondent both quote discussion in *McCarthy v. McCarthy*, 301 Minn. 270, 222 N.W.2d 331 (1974), as relevant in determining the timeliness of respondent's motion. In discussing whether a minor child with cerebral palsy would be able to support himself after he reached the statutory age of emancipation, the Minnesota Supreme Court stated in *McCarthy* that:

> [i]t is apparent that attention was not directed to this aspect of the case [whether the court's authority to require child support may extend past the statutory date of the child's emancipation]. However, inasmuch as the trial court has continuing jurisdiction to deal with this matter through its power to modify its decrees regarding child support and alimony on the basis of a change in circumstances, we feel that it is sufficient to merely apprise the parties and the trial court of the situation to facilitate reevaluation of the circumstances *on or before the date upon which [the child] attains majority.*

*Id.* at 274–75, 222 N.W.2d at 334 (emphasis added).

For several reasons, we conclude that *McCarthy* does not establish a rule that a disabled child loses all rights to continued parental support unless the request for continued support is made prior to reaching the age of 18 (or 20 for persons still in secondary school). First, the statement in *McCarthy* is dicta and was made in the context of explaining to the district court and to the parties that the district court could not determine at the time the child was only 14 years old whether the child would be capable of supporting himself when he reached the age of 18, and that they should evaluate the child's status when the child was closer to the age of majority. *Id.* at 273–75, 222 N.W.2d at 333–34. The case suggests that motions made before the child reaches the age of majority are timely.

Second, *McCarthy* did not purport to interpret the language of the Minnesota statutes that a child-support obligation continues until the child is emancipated and that a person who is unable to support himself due to a physical or mental condition is defined as a "child." *See* Minn.Stat. §§ 518.54, subd. 2, .64, subd. 4a(a). We are reluctant to depart from what appears to be the plain language in the statutes on the basis of dicta in a court opinion.

Third, in *State ex rel. Jarvela v. Burke*, this court previously addressed this issue as follows:

> Appellant asserts that Burke lacked standing to bring a motion for modification because her rights of legal and physical custody over [the parties' son] automatically terminated on his 18th birthday. He cites no case law to support his assertion, and the argument conflicts with the governing statute. By

---

or her child is unable to support himself or herself. *McCarthy v. McCarthy*, 301 Minn. 270, 274, 222 N.W.2d 331, 334 (1974). Whether an individual is emancipated depends on the facts and circumstances of each case. *In re Fiihr*, 289 Minn. 322, 327, 184 N.W.2d 22, 25 (1971); *Streitz v. Streitz*, 363 N.W.2d 135, 137 (Minn.App.1985). The fact that a child has Down's Syndrome does not mean that the child is necessarily incapable of supporting himself or herself or that child

support will automatically be extended beyond the time the child reaches the age of majority. *See, e.g., Hoppenrath v. Cullen*, 383 N.W.2d 394, 395, 397 (Minn.App.1986) (refusing to extend a parent's child-support obligation to a child with Down's Syndrome past the age of emancipation as premature because the child was only four years old and the court could not determine whether the child would be able to support himself later in life).

law, "child" specifically includes in its statutory definition individuals "who, by reason of physical or mental condition, [are] incapable of self-support." Minn. Stat. § 518.54, subd. 2 (2002). Since it is undisputed that [the parties' son] is incapable of self-support, he remains a child under statute, and respondent retains ongoing legal custody over him. Respondent had standing to bring the present modification motion.

678 N.W.2d 68, 72 (Minn.App.2004). In *Jarvela*, we determined that the district court retains jurisdiction to modify child-support orders beyond the time a child reaches the age of majority if the child is incapable of self-support. *Id.* at 72–73.

Fourth, to hold that motions made after a child's birthday are untimely and cannot be addressed will, in cases where a child-support recipient's motion to extend support is made after the child's birthday, *require* the district court to penalize the *child* for the parent's mistake in not making a timely motion. Such a result (1) is harsh; (2) is suspect in light of the overriding principle in family law that the courts should act in the child's best interests; and (3) could create a "trap for the unwary," particularly in cases where the child support recipient is pro se. *See, e.g., Tammen v. Tammen,* 289 Minn. 28, 30, 182 N.W.2d 840, 842 (1970). In *Tammen,* the supreme court stated,

> The basic right of minor children to support by the parents may not be affected by any agreement between the parties or third persons. Courts will not be bound by any agreement between parents affecting the rights of minor children with respect to support, but will

be controlled by the welfare of the child as the paramount consideration.

*Id.* If a child's right to support cannot be limited by an agreement between the child's parents, the failure of a parent to seek review should not bind the child's right to receive support.

█ We conclude respondent's failure to move to extend the child-support order before the parties' son turned 20 does not prevent the district court from considering her motion now. The CSM stated that because respondent did not move to extend appellant's child support obligation prior to the hearing before the CSM, he would not address the issue of the child's disability. The district court stated in its order that it was "without sufficient information to determine whether [the parties' son] is incapable of self-support due to his physical or mental condition." The district court cannot extend the duration of appellant's child-support obligation unless the district court finds there is a demonstrated inability of the parties' son to be self-supporting. *See Borich v. Borich,* 450 N.W.2d 645, 648 (Minn.App.1990). Because the record is not clear as to whether the parties' son is capable of self-support, we remand the issue to the district court for further proceedings and a determination of whether the child is emancipated, considering all of the surrounding circumstances.[4]

### III.

The third issue is whether appellant is entitled to a money judgment for a refund of wrongfully withheld child support based on the CSM's order. The order, issued on July 21, 2003, stated that "[t]he obligations to pay ongoing child support, medical sup-

---

4. While we do not resolve the issue, we note that if the district court concludes the parties' son is not emancipated, the circumstances provide an unusual situation in which to ap-

ply the child support guidelines because of the child's age, possible earnings, and other sources of support.

port and childcare reimbursement are terminated due to emancipation of the child effective July 3, 2002, as a result of his attaining the age of 20 years." Thus, the CSM terminated appellant's child-support obligation retroactively. Respondent admits the CSM's order entitled appellant to a money judgment but argues the CSM's order was wrong because the parties' child is not emancipated. The district court denied respondent's motion for a money judgment.

Because we conclude that the district court must determine whether the child is capable of self-support and remand the issue to the district court for further consideration, we must reverse the district court's denial of respondent's motion for a money judgment and direct the district court to reconsider the motion after determining whether the parties' son is capable of self-support.

Appellant argues further that the district court judge erred by failing to recuse himself before entering the June 2003 order. Because the district court has already assigned a different judge to preside over further hearings in this matter, we do not reach the issue of whether the judge erred by failing to recuse himself.

## DECISION

Because respondent served her motion for review in accordance with instructions in a form furnished by the district court and because appellant received respondent's motion and appellant was not prejudiced, we determine that respondent effectively filed her motion for review. We also conclude that respondent's motion to extend appellant's child-support obligation was timely, and we remand to the district court for a determination of whether the parties' son is incapable of self-support by reason of physical or mental condition. Because the district court must now consider whether the parties' son is emancipated, the district court's denial of appellant's motion for a refund of child-support overpayment is reversed and remanded for consideration pending determination of emancipation. We do not reach the issue of whether the judge erred by failing to recuse himself.

**Affirmed in part, reversed in part and remanded.**