**In re Proposed Petition to Recall Secretary of State Mary KIFFMEYER.**

No. A03–1726.

Supreme Court of Minnesota.

Nov. 14, 2003.

Minnesota Statutes § 211C.03 (2002) requires that each page of the petition must contain, inter alia:

the specific grounds upon which the state officer is sought to be recalled and a concise, accurate, and complete synopsis of the *specific facts* that are alleged to warrant recall on those grounds * * *.

(Emphasis added.) In addition, the review of a proposed recall petition by the chief justice is to determine whether the petition alleges "*specific facts* that, if proven, would constitute grounds for recall of the officer * * *. If it does not, the justice shall immediately issue an order dismissing the petition and indicating the reason for dismissal." Minn.Stat. § 211C.05, subd. 1 (2002) (emphasis added). The legislature's repeated reference to "specific facts" evinces a clear intent that a proposed petition present more than a generalized statement of grounds for recall. The petition here states only the following as the basis for the recall petition:

# 1). Legal defects in her January 6, 2003 Oath of Office; and # 2). Incompetence and Nonfeasance in the performance of her official duties mandated by Minnesota Statutes, Chapters 5; 13; and 358 in regards to the Oaths of Office for all members of both branches of the Minnesota Legislature; and specifically: Violating Minnesota Statutes, Sections 5.01; 5.05; 5.07; 13.03; 13.09; 204C.40; 358.05; 358.11(1); and 609.43(1).

The petition on its face fails to satisfy the legal standards established by the legislature because it alleges no specific facts concerning the grounds for recall. Accordingly, it is dismissed.

Petitioners also submitted a request that the undersigned recuse from participation in this matter on the basis of administration of the oath of office to the Secretary of State. That request is denied both because the undersigned did not administer the oath of office to the Secretary of State and because the petition is so devoid of facts that it is impossible to discern any valid basis for recusal.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the petition for recall of Secretary of State Mary Kiffmeyer be, and the same is, dismissed for failure to allege specific facts that, if proven, would constitute grounds for recall.

/s/ Kathleen A. Blatz
Chief Justice