**In re Proposed Petition to Recall Secretary of State Mary KIFFMEYER.**

No. A04–83.

Supreme Court of Minnesota.

Jan. 22, 2004.

O R D E R

A proposed petition for the recall of Secretary of State Mary Kiffmeyer has been filed with the office of the secretary of state. That office determined that the proposed petition meets the signature requirements of Minn.Stat. § 211C.04 (2002), and on January 16, 2004 forwarded the proposed petition to the clerk of appellate courts in accordance with that statute.[1] Minnesota Statutes § 211C.05, subd. 1 (2002) requires the chief justice to review the proposed petition to determine whether it alleges specific facts that, if proven, would constitute grounds for recall of the officer under Minn. Const. art. VIII, § 6, and Minn.Stat. § 211C.02 (2002). If the allegations are insufficient, the proposed petition is dismissed; if they are sufficient, the chief justice appoints a special master

1. A petition to recall Governor Tim Pawlenty, based on allegations similar to those made in the present petition, was also filed with the secretary of state and forwarded to the clerk of appellate courts. *See In re Pawlenty*, No. A04–84, 673 N.W.2d 829, 2004 WL 170347 (Minn. Jan 22, 2004).

to hold a public hearing. Minn.Stat. § 211C.05, subd. 1.

A previous petition to recall Secretary of State Kiffmeyer alleging grounds similar to those alleged in the present petition was dismissed on November 14, 2003, because it alleged no specific facts concerning the grounds for recall. *In re Kiffmeyer*, 671 N.W.2d 172 (Minn.2003).

■ The grounds for recall of a state officer other than a judge are "serious malfeasance or nonfeasance during the term of office in the performance of the duties of the office or conviction during the term of office for a serious crime." Minn. Const. art. VIII, § 6; Minn.Stat. § 211C.02. The petition states two grounds for the recall of Secretary of State Kiffmeyer. First, the petition alleges legal defects in the wording of the oath of office she signed on January 6, 2003. Secretary of State Kiffmeyer's signed oath of office comports with the oath requirements of Minn. Const. art. V, § 6, for officers in the executive branch.[2] Further, a legal defect in the oath of office is not a basis for recall under article VIII, section 6 of the constitution because it is neither malfeasance nor nonfeasance.

■ The second ground for recall stated in the petition is nonfeasance in the performance of official duties by Secretary of State Kiffmeyer in relation to the filing of the oaths of office of members of the legislature. Nonfeasance is defined by statute as "the intentional, repeated failure of a state officer other than a judge to perform specific acts that are required duties of the officer." Minn.Stat. § 211C.01, subd. 3 (2002). Nonfeasance under the recall statute thus requires not merely a failure to act, but a failure that is (1) intentional, (2) repeated, and (3) involves the failure to perform "specific acts that are required duties of the officer." Minn.Stat. § 211C.01, subd. 3; *see In re Hatch*, 628 N.W.2d 125, 126 (Minn.2001) (nonfeasance under recall statute requires repeated failure to perform specific acts). Additionally, under the constitutional recall provision the nonfeasance must be "serious." Minn. Const. art. VIII, § 6.

The petition asserts that the oaths of office of members of the legislature were not filed with the secretary of state as required by Minn.Stat. § 358.11(1) (2002), but instead with the chief clerk of the house of representatives and the secretary of the senate. The petition further asserts that four requests of the secretary of state's office to inspect signed oaths were denied and the requestor was referred to the chief clerk's office; and that this violated the requirements of the Minnesota Government Data Practices Act relating to requests for access to data. *See* Minn. Stat. § 13.03, subd. 3 (2002).

Section 358.11(1) provides:

Except as otherwise provided by law, the oath required to be taken and subscribed by any person shall be filed as follows:

(1) if that of an officer of the state, whether elective or appointive, with the secretary of state[.]

This statute requires that certain oaths be filed with the secretary of state but does not specify who must file the oath with that office. The act of filing the oath with the secretary of state is not among the "specific acts that are required duties of" the secretary of state. Minn.Stat. § 211C.01, subd. 3. There is no allegation that the secretary of state refused or failed

---

**2.** To the extent the asserted defect in the oath is based on a challenge to the validity of the Restructured Constitution of 1974, a recall petition is not the proper avenue for raising or deciding such a challenge.

to file oaths tendered for filing by members of the legislature. In addition, even if the statute did impose a duty upon the secretary of state to file the oaths, the petition fails to state specific facts which, if proven, would establish that the failure to act was intentional or that any nonfeasance on her part was serious. Minn.Stat. §§ 211C.01, subd. 3; 211C.02; Minn. Const. art. VIII, § 6.

The Government Data Practices Act provides that upon request to the "responsible authority" of a government agency,[3] "a person shall be permitted to inspect and copy public government data." Minn.Stat. § 13.03, subd. 3(a) (2002). This statute imposes a duty upon any officer or office of the state. Minn.Stat. § 13.02, subd. 17 (2002). However, if the facts alleged in the petition were proven, Secretary of State Kiffmeyer would not have violated this statute by failing to produce for inspection data which was not in the possession of her office.

The petition fails to address specific facts that, if proven, would constitute grounds for recall. Accordingly, it is dismissed.

Petitioners also submitted a request that the undersigned recuse from participation in this matter, based on administration of the oath of office to members of the legislature and being a member of the legislature from 1979 to 1994. These facts do not provide a basis for concluding that the impartiality of the undersigned "might reasonably be questioned" in a recall petition that alleges defects in the wording of an oath and nonfeasance by the secretary of state in relation to the filing and production of oaths of office occurring in 2003. *See* Minn.Code Jud. Conduct, Canon 3.D(1).

3. A "responsible authority" in a state agency is the official responsible for the collection,

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the petition for recall of Secretary of State Mary Kiffmeyer be, and the same is, dismissed for failure to allege specific facts that, if proven, would constitute grounds for recall.

/s/ Kathleen A. Blatz
Chief Justice

use and dissemination of government data. Minn.Stat. § 13.02, subd. 16 (2002).