**In re Proposed Petition to Recall Governor Tim PAWLENTY.**

**No. A04–84.**

Supreme Court of Minnesota.

Jan. 22, 2004.

use and dissemination of government data. Minn.Stat. § 13.02, subd. 16 (2002).

**ORDER**

The secretary of state has referred a proposed petition to recall Governor Tim Pawlenty to the chief justice for review. *See* Minn.Stat. § 211C.05, subd. 1 (2002).

The statutory review process requires the chief justice to review the proposed petition to determine whether it alleges specific facts that, if proven, would constitute grounds for recall of the officer under Minn. Const. art. VIII, § 6 and Minn.Stat. § 211C.02 (2002). Minn.Stat. 211C.05, subd. 1. If the allegations are insufficient, the proposed petition is dismissed; if they are sufficient, the chief justice appoints a special master to hold a public hearing. *Id.*

The grounds for recall of a state officer other than a judge are "serious malfeasance or nonfeasance during the term of office in the performance of the duties of the office or conviction during the term of office for a serious crime." Minn. Const. art. VIII, § 6; Minn.Stat. § 211C.02. The petition alleges three grounds for the recall of Governor Pawlenty: (1) nonfeasance in filing an oath of office while a member of the legislature prior to his election as governor; (2) legal defects in the wording of the oath of office of governor he signed on January 6, 2003; and (3) nonfeasance in the performance of his constitutional duty to "take care that the laws be faithfully executed," Minn. Const. art. V, § 3.

The first ground alleged in the petition is not a basis for recall. The constitution provides for "recall from office by the voters" of an officer on the ground of "nonfeasance *during the term of office* in the performance of the duties *of the office.*" Minn. Const. art. VIII, § 6 (emphasis added). Under this provision, recall from an elected official's current office is not permitted for alleged nonfeasance while previously holding a different office.

As in *In re Kiffmeyer*, No. A04–83, 673 N.W.2d 827, 2004 WL 170344 (Minn. Jan. 22, 2004), filed herewith, the second ground alleged in the petition—

legal defects in the oath of office—is not a basis for recall under article VIII, section 6 of the constitution because a defect in the wording of the oath is neither malfeasance nor nonfeasance. Also as in that case, Governor Pawlenty's signed oath of office comports with the oath requirements of Minn. Const. art. V, § 6, for officers in the executive branch.[1]

 The third ground alleged in the recall petition relates to the assertion that the oaths of office of members of the legislature were not filed with the secretary of state as required by Minn.Stat. § 358.11(1) (2002), but rather with officers of the two houses of the legislature.[2] This assertion is discussed in *In re Kiffmeyer*, in which the undersigned determined that the petition failed to allege facts that, if proven, would constitute grounds for recall of the secretary of state for nonfeasance. The petition in this matter does not state facts indicating that Governor Pawlenty even knew of an alleged violation of section 358.11(1); that any failure to act on his part was intentional or repeated, as required by section 211C.01, subd. 3; or that any such failure was serious, as required by article VIII, section 6 of the constitution.

The petition fails to state specific facts which, if proven, would constitute grounds for recall. It is, accordingly, dismissed.

Petitioners also submitted a request that the undersigned recuse from participation in this matter, based on administration of the oath of office to Governor Pawlenty and members of the legislature, and being

a member of the legislature from 1979 to 1994. The same request was made in *Kiffmeyer*. As in that case, the request is denied. *See* Minn.Code Jud. Conduct, Canon 3.D(1) ("A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned.").

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the petition for recall of Governor Tim Pawlenty be, and the same is, dismissed for failure to allege specific facts that, if proven, would constitute grounds for recall.

/s/ Kathleen A. Blatz
Chief Justice

---

1. To the extent the asserted defect in the oath is based on a challenge to the validity of the Restructured Constitution of 1974, a recall petition is not the proper avenue for raising or deciding such a challenge.

2. The petition goes on to assert that because the oaths of legislators were not so filed, all members and officers of the legislature are disqualified to hold or exercise the powers of office; they should be prosecuted for usurpation of office; the governor signed legislation that the members of the legislature had no authority to enact; and the governor "refused to rectify this unconstitutional and illegal activity."